## THE WATCHFUL.

1. A libel case, charging the vessel and cargo to be prize of war, dismissed because no case of prize was made out by the testimony.
2. But because the record disclosed strong *prima facie* evidence of a violation of the laws of navigation, and probably of our revenue laws also, the case was remanded, with leave to file a new libel according to these facts.

APPEAL from the District Court for the Eastern District of Louisiana.

In that court the schooner Watchful and cargo had been libelled as prize of war, and a decree rendered dismissing the libel, and restoring the property to the claimant.

---

* Page 622.

The claimant, one Wallis, to whom the property plainly belonged, was a citizen of Pennsylvania, residing at Philadelphia, and the evidence showed no reason to doubt his loyalty to the Federal government during the recent war. Nor was there any proof of intention to break the blockade or to trade with the enemy. It appeared only that the claimant had sold, in the late civil war in Mexico, to that party which was led by President Juarez, two hundred and fifty-two cases of firearms, which he had agreed to deliver on the Mexican coast, near Matamoras, and when his vessel arrived near that place, it was found that the French army occupied the post, and no delivery could be made to the Juarez party. Under these circumstances, the officer in command started for New Orleans, not then blockaded, but in possession of the Union forces. On the way to that port his vessel was captured and sent in as prize.

The record did, however, seem to disclose some facts, in other respects, of a sinister character. It seemed to show that the vessel had cleared for Hamburg, when her real destination was Matamoras; that after she was out at sea, her clearance had been altered by erasing the word "Hamburg" and substituting in its place the word "Matamoras;" that a false manifest had been used, and that the fact of the main cargo of two hundred and fifty-two cases of arms being on board, had been purposely concealed from the custom-house officers at New York, whence the vessel sailed.

Upon these latter facts, the Attorney-General now insisted that even admitting that there might be no sufficient proof of intent to break the blockade or to trade with the enemy, and so that the case was not one of prize, yet that the record before the court disclosed such a gross violation of our navigation laws, and possibly of our revenue and neutrality laws, that the case should be remanded to the District Court, with leave to file a new libel, or for such other proceedings as the government may deem advisable in the matter.

The claimant was not represented in this court by counsel.

Mr. Justice MILLER delivered the opinion of the court.

It is very clear that there is no case of prize made out by the evidence. The property, which was undoubtedly Wallis's, was therefore not enemy property; nor is there any evidence of intention to break the blockade or to trade with the enemy. The case is so destitute of all the elements of prize that the present libel was properly dismissed.

As to the other point more insisted on by the Attorney-General. The record, as it stands, shows that the vessel cleared for Hamburg, when her destination was certainly Matamoras. That her clearance was probably altered after she was at sea, by writing over the word "Hamburg" the word "Matamoras." That a false manifest was used, and the fact of the main cargo of two hundred and fifty-two cases of arms being on board, was carefully concealed from the officers of the customs at New York, from which port she sailed. It is not necessary to go any further into this evidence, or to express any other opinion on it, than to say that it presents a *prima facie* case of violation of municipal law, which justifies further investigation.

In the case of *United States* v. *Weed et al.*,* we had occasion, at the last term, to consider the question of the practice proper under such circumstances. We then came to the conclusion that where sufficient evidence was found to justify it, the case would be remanded to the court below for an amendment of the libel, or for such other proceedings as the government might, under all the circumstances, choose to adopt.

The judgment of the District Court, dismissing the libel in prize, is accordingly affirmed, but that part of the decree awarding restitution of the vessel and cargo, is reversed, with directions to allow libellant a reasonable time to file a new libel. If this is not done within the time thus fixed by the court, the property to be restored by a new decree.

---

* 5 Wallace, 62.