# Union Iron Works Co. *v.* Union Naval Stores Co.

## *Trover.*

### (Decided Nov. 12, 1908.   47 South. 652.)

1. *Evidence; Documentary Evidence; Effect of Introducing.*— Where a document is offered in evidence, as a general rule, it must be taken in its entirety, the part operating against the party offering it, as well as the parts in his favor, and hence, where plaintiff introduced notes given it for the purchase price of property and containing a clause retaining title in said property, and on the back of which were endorsements of the plaintiff by its president transferring the notes, the debts evidenced thereby and the property describd, to anothr person, such endorsements were a part of the note and became evidence upon their introduction.

2. *Corporations; Officers; Authority to Endorse Notes.*—The president of the corporation had the authority to endorse notes of the corporation given for accounts, thereby passing title thereto, where the by-laws of the croporation gave the president management and control of the corporate business and property under the direction of the board of directors, and by an agreement among the stockholders, directors and officers, all the corporation accounts, including notes, were turned over to a trustee.

3. *Trover; Right of Action; Right to Possession.*—A corporation has neither a general or special right to the property upon which to maintain an action of trover, where, prior to the alleged conversion of the property, it has transferred the notes retaining title to the property in question to another.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the Union Iron Works Co. against the Union Naval Stores Company. Judgment for nonsuit, and plaintiffs appeals.   Affirmed.

DANIEL PARTRIDGE, JR., and BARNETT & BUGG, for appellants.   That the agreement made by the corporation might be had at an informal meeting see.—*Jordan & Co. v. Collins,* 107 Ala. 572.   Under the proof the endorsement on the notes were not admissible.—*Collier*

*v. Alexander*, 142 Ala. 422; *Stanley v. Sheffield L. I. & C. Co.*, 83 Ala. 260; *Norton v. Ala. Nat. Bank*, 102 Ala. 420; *Amer. S. & L. Assn. v. Smith*, 122 Ala. 502; *Sampson v. Fox*, 109 Ala. 662; *Sullivan v. L. & N.*, 126 Ala. 95; *Ala. Nat. Bank v. O'Neal*, 128 Ala. 192; *Baird Lumber Co. v. Devlin*, 124 Ala. 245. So that as the case stood there was nothing to show that said endorsements were corporate acts passing title to the notes and the rights reserved thereunder, and property described therein. The burden was on the defendant to prove this.— *George v. Ross*, 128 Ala. 666; *Sellers v. Com. Un. F. Ins. Co.*, 105 Ala. 282; *Sullivan v. L. & N., supra.* An agreement to give a mortgage or pledge, to execute an agreement, or to reduce one to writing in the future, upon the faith of which property is conveyed or delivered presently, is a valid contract, binding upon the parties; and when the mortgage is given, the pledge delivered, or the agreement executed or reduced to writing, as the case may be, the contract is regarded by the application of the fiction of relation as having had its inception at and as dating from the day the consideration passed, and not at the date the agreement was actually reduced to writing or the pledge or mortgage delivered.—*Watts v. Burnett*, 56 Ala. 340; *Miller v. Boykin*, 70 Ala. 469; *Boykin v. Bank of Mobile*, 72 Ala. 271; *Thompson v. Maddox*, 117 Ala. 476, 23 So. 157. Another principle: The evidence shows that the title to the property described in the notes and complaint was expressly reserved by plaintiff at the time it agreed with Conoly to deliver him the machinery. Before the statute which is § 1017 of the Code of 1896 became law a parol contract of conditional sale was good not only as between the parties thereto, but also against purchasers for value, and without notice of the condition.—*Summer v. Woods,*

67 Ala. 139; *Adams Mach. Co. v. Int. B. & L. Assn.*, 119 Ala. 139, 24 So. 857. The statute only changes the common law rule in cases where *subsequent* purchasers for a valuable consideration, subsequent mortgagees and judgment creditors acquire title without notice of the condition.—*Wood v. Holley Mfg. Co.*, 100 Ala. 326, 13 So. 948; *N. O. & O. R. Co. v. Mellen, Trustee*, 79 U. S. (12 Wall.) 362, 20 L. Ed. 434; *Fosdrick v. Srhall*, 99 U. S. (9 Otto) 235, 25 L. Ed. 339; *Meyer et al. v. Western Car Co.*, 102 U. S. (12 Otto) 1, 26 L. Ed. 59. So far, the contract is not one required to be in writing. The proper time to have made the motion to exclude the evidence of the parol agreement between plaintiff and said Conoly was after defendant by proper evidence had brought the contract and their claims within the purview of the acts. As it was the Court erred in excluding this testimony.—*Sanders v. Stokes*, 30 Ala. 432, 438. When Mr. Barnett demanded the machinery from Mr. Brown he asked for it in the name of Union Iron Works Company, the plaintiff; and it was then, if at all, the objection should have been made of want or defect of authority in Mr. Barnett, so that the defect or want, if it existed, could have been supplied.—*Spence v. Mitchell*, 9 Ala. 744. See also *Town of Grafton v. Follanshee*, 16 N. H. 450, Am. Dec. 736; *Ham v. Boody*, 20 N. H. 411, 51 Am. Dec. 235. Another reason why the evidence should have been admitted—it was clearly shown that only part of the original contract was in writing, and there being no evidence that it was one which the law pronounces void because not in writing the principles of *Mobile Marine Dock & Mut. Ins. Co. v. McMilan*, 31 Ala. 711, 722, and of *Powell v. Thompson*, 80 Ala. 51, 55 apply.

In trover, the plaintiff must have the legal title, with the right to possession at the time of the conversation; or he must have been in possession of the property at

the time it was converted. In other words: where the conversion consists of a wrongful *taking* by defendant from plaintiff, mere possession in plaintiff at the time of the conversion will support the action; but where the conversion consists of a wrongful *detention,* then to recover plaintiff must have the legal title with the right of immediate possession.—*Johnson v. Wilson,* 137 Ala. 468, 34 So. 392, 97 Am. St. R. 52; *McNutt v. King,* 59 Ala. 597; *Tucker v. Henderson,* 63 Ala. 280; *Baker v. Troy Compress Co.,* 114 Ala. 415, 21 So. 496.

Nor it is material so far as plaintiff is concerned that R. K. Coe, and others were the real and beneficial owners of the debt. If they were, but had not the legal title, they had a right to use the name of plaintiff in suing for a conversion of the property.—*Baker v. Seavy,* 163 Mass. 522, 47 Am. St. Rep. 475; *Crain v. Paine,* 4 Cushing 483, 50 Am. Dec. 807; *Thompson v. Lewis,* 108 Ala. 426, 15 So. 830. The evidence shows that Union Naval Stores Company instructed Brown, as its agent, who was then in the actual passession of the machinery sued for, to hold it against all persons. It informed Messrs. Barnett and Bugg, attorneys for plaintiff that it would resist the claim of Union Iron Works Company; and it ratified and adopted the refusal of Brown to deliver the machinery. In a wrongful conversion the rule *respondent superior* does not apply; both principal and agent, if they contribute to the conversion, are jointly liable.—*Perminter v. Kelly,* 18 Ala. 716; *Powell v. Thompson,* 80 Ala. 51; *Mayer v. Building Co.,* 104 Ala. 611, 16 So. 620; *Encley Lumber Co. v. Lewis,* 121 Ala. 94, 25 So. 729; *Calkins v. Lockwood,* 17 Conn. 154, 42 Am. Dec. 729; *Osborne v. Piano Mfg. Co.,* 51 Nebraska 502, 70 N. W. 1124.

R. W. STOUTZ, for appellees. Stockholders and directors cannot bind the company except at a regular meet-

[Union Iron Works Co. v. Union Naval Stores Co.]

ing, or formal meeting.—Cook on Corporations; *Ala. Nat. Bank v. O'Neal,* 128 Ala. 192; *De La Vergne R. M. Co. v. German Sav. Inst.,* 175 U. S. 40, and authorities therein cited.

The introduction of the notes carried the endorsements thereon.—17 Cyc. 464. The court did not err in reference to disallowing the evidence of certain oral negotiations between plaintiff and Conley, which were afterwards reduced to writing.—*Forbes v. Taylor,* 139 Ala. 288; 9 Enc. Evid. 330. The date was material, and cannot be contradicted by parol. 26 N. W. 58; 10 Amer. Dec. 70; 69 Amer. St. Rep. 486. The goods had been delivered to Conly. and his possession was rightful until demand and refusal to deliver.—*L. & N. v. Kaufman,* 141 Ala. 671; *Strauss v. Schwab,* 104 Ala. 669. The authority of an attorney to make demand must be shown. —*Barnwell v. Stephens.* 142 Ala. 609. The action cannot be brought in the name of one for the use of another. —72 Ala. 160; 77 Ala. 157. The machinery was attached and no demand was made for the right to remove it.— *Thweat v. Stamps,* 67 Ala. 96; *Humes v. Higman,* 40 South. 128.

DOWDELL, J.—This is an action in trover to recover damages for the alleged conversion by the defendants of certain property described in the complaint. The cause was tried on the plea of the general issue. Many exceptions during the progress of the trial were reserved by the plaintiffs to the rulings of the court on the introduction of evidence. On the conclusion of the plaintiffs' evidence, the court on motion of the defendants excluded all of the evidence by the plaintiffs, on the ground that the plaintiffs had failed to make out a prima facie case. whereupon plaintiffs took a nonsuit.

The plaintiffs, for the purpose of showing titles to the property in question, introduced in evidence two promissory notes given by one McL. Conoly to the plaintiffs for the purchase price of the property, and as to which there was a retention of the title in the plaintiffs until the purchase money as evidenced by the notes was paid. On each of these notes was the following indorsement: "For valuable consideration the undersigned grants, bargains, sells, conveys, assigns, and transfers unto R. K. Coe, trustee, the within note, the debt evidenced thereby, the property therein described, with all the rights, title, and remedies under said notes and over said property, all without recourse on it directly or indirectly. [Signed] Union Iron Works Company, by James B. Ellis, President." The plaintiffs' evidence showed that James B. Ellis was president of the Union Iron Works Company at the time of the making of the indorsement, and that the indorsement was made before the commencement of this suit, and that said notes with said indorsements were delivered to the said Coe, trustee, and had been in his hands up to and at the time of the bringing of the suit. The plaintiffs' evidence further showed that by an agreement among all the stockholders, directors, and officers of the plaintiffs' corporation the "accounts" of the corporation, including the account for which the notes in question were given, were turned over to the said Coe, trustee. The plaintiffs also introduced in evidence a bylaw of the corporation which reads as follows: "The president shall be intrusted with the management and control of the business and property of the corporation under the direction of the board of directors."

Under this evidence, the objection of the plaintiffs that it was not shown that James B. Ellis, as president, had authority to make said indorsements, is, we think,

without merit. As a general rule, when a document is offered in evidence, it must be taken in its entirety; the parts operating against the interests of the party offering it, as well as the parts in his favor. 17 Cyc. p. 464. Besides, when the indorsement is taken in connection with the by-law introduced by the plaintiffs and the evidence of the agreement among the stockholders, directors, and officers of the company, although not made at a regular meeting, it would seem that the validity of the indorsement of the notes and the authority of the president to make the same is placed beyond all question. Certainly the president, pursuant to the agreement, acted under the direction of the directors in making the indorsement, and the by-law conferring general management and control of the property on the president, under the direction of the directors, furnished complete authority to the president to make the indorsement. As to the agreement among the directors, stockholders, and officers, and the rights passing under such agreement, see *Jordan & Co. v. Collins & Co.*, 107 Ala. 572, 576, 18 South. 137.

By the indorsement of the notes the legal title passed to the transferee Coe. The plaintiffs' own evidence, and this undisputed, showed that at the time of the alleged conversion the plaintiffs had neither a general or special right to the property. On these undisputed facts the court might well have given the general charge, on request in writing, to find for the defendant; and this would have been the more ordinarily procedure. But as the same result was attained—that is, a judgment in favor of the defendant—on the motion to exclude and the exclusion of all of plaintiffs' evidence upon the ground that a prima facie case was not made out.—we will not disturb the judgment.

There are other assignments of error, but the view in which we have considered the case renders it wholly unnecessary to consider them. The judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.