(77 South. 58)

### GILBREATH et al. v. COPELAND.
#### (8 Div. 401.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

CHATTEL MORTGAGES ⬅═213—CROP MORTGAGES—SUIT BY ASSIGNEE.

Where one took a rent note and crop mortgage, and sold and transferred them to another, and after they fell due and the crop had been sold purchased them back, he cannot recover for conversion of the crop, where he does not sue as assignee.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in conversion by V. H. Copeland against Alex. Gilbreath and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Street & Bradford, of Guntersville, for appellants. W. C. Rayburn, of Guntersville, for appellee.

BRICKEN, J. In February, 1912, Copeland rented certain land to Cleveland, who executed a rent note and crop mortgage of that date, payable to Copeland in November following; thereafter, in June of the same year, Copeland sold and transferred this note and mortgage to Moon; in December, 1912, Cleveland sold some cotton covered by said mortgage and note to the appellant Gilbreath; a month or so thereafter, according to the bill of exceptions, Moon went to Copeland and told him that he (Moon) had failed to collect the note, and demanded that Copeland take the note back and refund what Moon had paid for it; Copeland thereupon complied with this request, and thereafter,

in March, 1913, instituted this suit against Gilbreath and another, for the conversion of the cotton and the destruction of the lien thereon, which it is alleged occurred on the 7th day of December, 1913.

In the first and second counts of the complaint it is averred that the cotton alleged to have been converted was the property of the plaintiff; in the third count it is charged that the defendants destroyed plaintiff's lien thereon. The undisputed evidence shows that at the time of the alleged conversion and destruction of the lien Moon, and not the plaintiff, was the owner of the note and mortgage above referred to, and that plaintiff's only claim to said cotton is based on that note and mortgage, which he reacquired, by purchase, after the alleged conversion, and after the alleged destruction of the lien. The court below therefore erred in refusing to give the affirmative charge requested in writing by the appellant. Union Iron Works v. Union Naval Stores Co., 157 Ala. 645, 47 South. 652; Foy v. Cochran, 88 Ala. 353, 6 South. 685; 38 Cyc. 2044.

It is unnecessary for us to determine whether or not Moon could assign his cause of action; the plaintiff does not sue as assignee, and the record contains no evidence of any such assignment.

The judgment appealed from is reversed and the cause is remanded.

Reversed and remanded.