RILEY NEIBERT, appellee, v. TOM STONE, appellant.

No. 48816.

(Reported in 73 N.W.2d 763)

DECEMBER 13, 1955.

Stuart & Stuart, of Chariton, for appellant.

Hoegh & Meyer and W. W. Bulman, all of Chariton, for appellee.

GARFIELD, J.—This is a law action by the buyer against the seller of 100 sheep for damages based on the claim defendant delivered to plaintiff other sheep than those agreed upon. Following trial the jury returned a verdict for plaintiff for $4082 upon which judgment was entered. Upon this appeal defendant urges two grounds for reversal. Both relate to the matter of damages.

I. The second ground for reversal is that plaintiff was not entitled to recover special damages in the form of expenses in feeding, "doctoring" and caring for the sheep that were delivered since the expenses were incurred after his agent knew their condition. Upon this question defendant cites the annotation in 33 A. L. R.2d 511 and several Iowa decisions. This contention was not presented to or considered by the district court and defendant is therefore not entitled to urge it here. Accordingly we decline to consider it. Rubin Bros. Butter & Egg Co., Inc., v. Larson, 245 Iowa 741, 746, 63 N.W.2d 908, 911,

and citations; Turner v. Zip Motors, Inc., 245 Iowa 1091, 1101, 65 N.W. 2d 427, 433; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1194, 70 N.W.2d 154, 157.

II. Defendant's first ground for reversal is that there is insufficient evidence of the market value of the sheep delivered to plaintiff to support recovery for the difference between the market value of the sheep purchased and of those delivered. This contention was presented to the trial court several times in motions: to direct verdict, to withdraw the above issue from the jury and for verdict (judgment) notwithstanding the jury verdict or for new trial. We hold this ground should be sustained and entitles defendant to a new trial.

The jury was instructed that if plaintiff was entitled to recover, the measure of his damages is the difference between the fair market value of the sheep he purchased and of those delivered by defendant, together with any special damages incurred. (We refer to the special damages in Division I hereof.) The instructions also placed the burden on plaintiff to prove by a preponderance of the evidence, in order to recover, the amount of damages he sustained.

No objection or exception was taken to these instructions by either side and they therefore stand as the law of the case. Nichols v. Kirchner, 241 Iowa 99, 105, 40 N.W.2d 13, 17, and citations; Larimer v. Platte, 243 Iowa 1167, 1170, 53 N.W.2d 262, 264, and citations; Stupka v. Scheidel, 244 Iowa 442, 451, 56 N.W.2d 874, 879.

It is clear that if, as we hold, there is insufficient evidence of the market value of the sheep delivered to plaintiff, the jury should not have been permitted to include in its verdict the difference between the market value of the sheep purchased and of those delivered. Upon that important issue the jury was left to speculation and conjecture. That it is error to submit to the jury an issue without substantial support in the testimony see Reed v. Willison, 245 Iowa 1066, 1073, 65 N.W. 2d 440, 444; In re Estate of Hurlbut, 242 Iowa 353, 359, 360, 46 N.W.2d 66, 70; Jakeway v. Allen, 227 Iowa 1182, 1189, 1190, 290 N.W. 507, and citations; 53 Am. Jur., Trial, section 574, page 453; 88 C. J. S., Trial, section 382a and b(3).

Some reference to the evidence as the jury could have found

it seems desirable at this point. April 25, 1951, plaintiff, a farmer living near Leesburg, Indiana, en route to California for an extended stay, stopped to see defendant, a dealer in sheep at Chariton, Iowa. Plaintiff told defendant he wanted to buy 100 Corriedale ewes, two to four years old, weighing not less than 150 pounds, due to have lambs in May. Defendant said he had just what plaintiff wanted and sent his salesman, Loney, to show plaintiff the sheep. An agreement was reached for defendant to deliver to plaintiff's farm in Indiana 100 ewes of the kind and quality plaintiff desired, for which plaintiff paid defendant $4100 and proceeded on his way to California. A hundred ewes were loaded in a truck the next morning and delivered at plaintiff's farm the morning of April 27.

Although evidence for defendant is that the sheep delivered to plaintiff's farm were selected and approved by plaintiff from a flock of a larger number, the jury could, and evidently did, find they were not those agreed upon but were much older and of inferior quality. There is substantial testimony they were not Corriedales, were 9 to 14 years old, weighed 60 to 100 pounds, and only 25 lambs were born before May 31. One ewe died April 30, six more in May. Only 54 survived on November 1 and 44 at shearing time (about the last of May) 1952. Plaintiff's son, whom plaintiff left in charge of his farm, testified the cause of death was lack of teeth and inability to eat. About a third of the 100 ewes limped when delivered. Most of them appeared weak, although some — three in particular — were healthy and strong. Many developed a secondary infection, known as foot rot, in their feet.

Notwithstanding this showing of inferior quality there is no evidence that all the sheep delivered to plaintiff had no market value. Possibly it might be inferred, without direct testimony to that effect, some of them had no such value. Certainly the only reasonable conclusion from the evidence is that many of the ewes had substantial market value. A veterinarian testifying for plaintiff, the only such witness, said there was a market for sheep that had foot rot although they were reduced in price a few cents a pound because of the infection. There is no testimony as to what the market value of any or all the ewes that were delivered was at or near the time of their delivery.

We have carefully considered plaintiff's argument. His principal contention seems to be that under the evidence the delivered sheep had no market value. We have already expressed disagreement with this view and deem elaboration unnecessary. Plaintiff also argues there is evidence the market value of the ewes when delivered was $1500. Basis for this argument is the following statement in a letter to defendant from plaintiff's attorneys in Warsaw, Indiana, dated July 27, 1951, just three months after the sheep were delivered: "As you know, the current market price for ewes of this age is approximately $15 * * *." This immediately follows an assertion in the letter that "over 90 of the ewes received were over 10 years old."

Although the record does not show who offered this letter in evidence defendant admits in argument he did and says it was to show an admission in the exhibit that plaintiff selected the ewes to be shipped and no contention was then made that any of the delivered sheep were diseased. The letter contains such an admission coupled, however, with the claim the ewes plaintiff selected were not delivered. There is no statement in the exhibit that any of the sheep were diseased.

Incidentally, this letter in its entirety (it is too long to quote in full) is quite inconsistent with plaintiff's principal contention the delivered sheep had no market value.

██ ██ Defendant argues the above statement quoted from the letter is not competent evidence. We think, however, since he offered the entire letter the quoted statement must be considered competent. The general rule is "when a document is offered in evidence, it must be taken in its entirety; the parts operating against the interests of the party offering it, as well as the parts in his favor." Union Iron Works Co. v. Union Naval Stores Co., 157 Ala. 645, 651, 47 So. 652, 653. To like effect are Veiths v. Hagge, 8 (Clarke) Iowa 163, 189, 190; Federal Land Bank of St. Paul v. Wold, 72 N. D. 154, 4 N.W.2d 844, 849; 32 C. J. S., Evidence, sections 774, 775.

██ However the statement in the letter upon which plaintiff relies is of course evidence only of what it says, not of what it does not say. It does not purport to state the market price of all the ewes that were delivered, but only of those claimed

to be over 10 years old. The letter admits in effect that several of the sheep, at least six, were young. Further, the letter purports to give the current market price of the ewes claimed to be too old, three months after their delivery to plaintiff. The market price could have changed considerably during this period. There is no testimony the price remained about the same or of the comparative prices at the beginning and end of this three-month period.

For the reasons indicated we think the statement quoted from the letter of plaintiff's attorneys is insufficient evidence of the market value of the delivered ewes at the time of their delivery to support recovery for the difference between the market value of the sheep purchased and of those delivered. Of course the letter would not have been admissible if plaintiff had offered it.

Other contentions have been considered and found not to merit discussion.—Reversed and remanded.

All JUSTICES concur.