## THE MABERHEX.

(District Court, D. Rhode Island. June 24, 1925.)

No. 1567.

1. **Intoxicating liquors** ⊃⊃246—**Rights of bona fide mortgagee protected on forfeiture of vessel under Prohibition Act.**

The rights of a bona fide mortgagee of a vessel seized for transportation of liquor in violation of Prohibition Act are protected under title 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

2. **Intoxicating liquors** ⊃⊃246—**Shipping** ⊃⊃32 —**Ship Mortgage Act protects rights of mortgagee on forfeiture of vessel for illegal use.**

Under Ship Mortgage Act 1920, § 30, subsec. O (b), being Comp. St. Ann. Supp. 1923, § 8146¼oo, the rights of a mortgagee are protected on seizure of the vessel for illegal transportation of liquor in violation of Prohibition Act, unless he authorized, consented, or conspired to effect the illegal use; such statute not being repealed pro tanto by the Willis-Campbell Act (Comp. St. Ann. Supp. 1923, § 10138⅘ et seq.).

In Admiralty. Libel by the United States for forfeiture of the gas screw yacht Maberhex; Herbert A. Weiss, mortgagee, intervening claimant. Decree for return of vessel to claimant.

Norman S. Case, U. S. Atty., and Harold A. Andrews, Asst. U. S. Atty., both of Providence, R. I.

Joshua Bell, of Providence, R. I., for claimant intervenor.

Chas. E. Williamson and Lorin W. Willis, both of Bridgeport, Conn., for claimant.

MORTON, District Judge. The Maberhex was seized on September 8, 1924, about 1 a. m., near the west entrance to Point Judith breakwater, having on board a cargo of liquor. She was licensed as a yacht. No evidence was offered on behalf of the vessel. Herman A. Weiss presented a claim as mortgagee. He holds a mortgage for $10,000, taken as security for payments of like amount which he made upon the vessel while she was being built. He had no knowledge or cause to believe that the boat would be illegally used. His mortgage was taken in good faith, for value, and was duly recorded.

The causes of forfeiture alleged against the Maberhex are the same as those alleged against the Herreshoff, and in addition she is charged with the illegal transportation of liquor under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

[1, 2] By proceeding upon the last ground, the government in effect waived its right to forfeiture under the revenue laws. The interests of bona fide lienors are protected under the National Prohibition Act. N. P. A. tit. 2, § 26. The interest of a bona fide mortgagee of a vessel is also protected, in my opinion, by the provision of Ship Mortgage Act 1920, § 30, subsec. O (b), being Comp. St. Ann. Supp. 1923, § 8146¼oo. I do not think that this act was repealed pro tanto by the Willis-Campbell Act, passed on November 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘ et seq.), which reenacted, as to intoxicating liquor, the provisions of the revenue laws. It was, in my opinion, the plain intent of the Ship Mortgage Act that bona fide mortgagees should take precedence over government claims for forfeiture. When the Willis-Campbell Act again made applicable to liquor cases the provisions of the revenue laws, it did not diminish the rights of mortgagees in forfeiture proceedings. Weiss' claim is good, whether forfeiture be decreed under the Na-

tional Prohibition Act or under the revenue laws.

Unless the Maberhex is now worth more than the amount of the mortgage—from what was said at the hearing I infer that she is not—the decree should be for her return to Weiss.