Gbebne, J.,
delivered the opinion of the court.
*60 This is a suit by the Bank of Tennessee, against the drawer of a bill of exchange. The declaration sets out the endorsement, showing title to the paper in the plaintiff. The defendant pleaded non-assumpsit.
The cause was tried, and a verdict and judgmént rendered for the plaintiff. The defendant appealed in error.
It is insisted by the counsel for the plaintiff in error, that a new trial should have been granted, because, the plaintiff failed to show title in himself, by proof of the endorsements.
By our practice, such proof is not necessary, unless made so by plea. Not a plea upon oath, as is required by the Act of 1819, ch. 42, sec. 1, in cases where the party denying the signature, is sued; but a plea denying that the plaintiff had title to the paper. Upon such plea denying the assignment, the plaintiff is put to the proof: not otherwise.
This has long been the practice in this State. In the case of Richardson & Price vs. Cato, 9 Humph. 465-6, this court says: “ By the law merchant, as it existed in England, for a long period, in a suit against the maker of a note, or the drawer or acceptor of a bill of exchange, by an endorsee, he was required, without any special plea from the defendant, to prove the trans-fér of the note, or bill; or, in other words, his interest in, or title to sue thereon. But by a practice which seems to have obtained in this State from an early period, without legislative sanction, but too well established to be now questioned, an endorsee in such cases is not required to prove the transfer, or endorsement, of the note or bill, unless put in issue by the plea of *61 non-assignment, as it is termed. 1 Ten., R., 149; 9 Terg. 423.
2. It is said tbe court erred in admitting the deposition of Jacob Jones to be read; said deposition appearing to have been taken on a day different from the one specified in the notice.
. The objection to this deposition was géneral, not pointing out the special cause wherefore it should not have been admitted to be read.
It is the settled law of this court that it will not reverse the judgment of an inferior court, for admitting a deposition to be read, where the objection is, as to some matter of form, unless the particular defect be pointed out in the objection. "When the objection does not point out the defect, it is not to be supposed that the court is to stop the trial and scrutinize the commission, notice, caption and certificate, to ascertain if all is regular. Besides, if the particular defect were pointed out, perhaps it might be obviated, or a non-suit taken, and set aside, and the case properly prepared at the next term.
There is no error in the record, and the judgment will be affirmed.