KLYCE et al. v. BLACK, ESTES & CO.

1. PLEADING. *Non assignavit.* The plea of *non assignavit* does not deny the execution of the note by the makers, but denies that it has been assigned by the payee to the plaintiff, and puts the plaintiff to proof of title to the paper sued on, and is not required to be sworn to.

2. SAME. A plea which denies allegations of the declaration, which the plaintiff must establish by evidence before he can recover, though covered by other pleas filed, is not technically immaterial.

Cases cited: Oliver v. Bank of Tennessee, 2 Swan, 60; Richardson v. Cato, 9 Hum., 465; Stone v. Bond, 2 Heis., 425.

FROM HAYWOOD.

Appeal from the Circuit Court. G. B. BLACK, Judge.

WILLIAMSON, BOND & HALL for complainants.

E. J. & J. C. READ for defendants.

DEADERICK, J., delivered the opinion of the court.

This suit was brought in the Circuit Court of Haywood county by Black, Estes & Co. against Klyce, Harvey and Jackson, upon a note signed A. J. Klyce and Richard H. Harvey, payable on its face to M. L. Jackson, for $1,240.66.

It appears to have been assigned by Jackson, the payee, to Black, Estes & Co.

The defendants put in the pleas of *nil debit* and payment, and Klyce and Harvey, the payors, put in the further plea that Jackson did not endorse the said

note to plaintiffs, and that they are not the true owners thereof.

Jackson also plead, first, that said note was never presented for payment at Black, Estes & Co.'s office, where it was made payable; and second, that no notice of its non-payment was given.

These several pleas as to non assignment of the note and want of presentment and notice, were, on motion of plaintiffs, stricken out. The first because it was not sworn to, and the last two because they were immaterial.

In this we think the court erred. The plea of non assignment does not deny the execution of the note by the makers, but denies that it has been assigned by the payee to the plaintiffs, and this plea puts the plaintiff to proof of title to the paper sued on, and is not required to be sworn to. It is not in form or in effect equivalent to the plea of *non est factum.* 2 Swan., 60; 9 Hum., 465; 2 Heis., 425. It was therefore error to strike out this plea of *non assignavit.*

As to the other two pleas they are not technically immaterial, because they deny allegations of the declaration which the plaintiff must establish by evidence before he can recover against Jackson. 1 Chitty Pl., 654.

The notary's certificate of demand and notice is *prima facie* evidence of the facts, but may be rebutted.

Although the plaintiff is bound to show a right to recover, and when demand and notice are necessary to be proved to establish the right, the plea of defendant

may be and is unnecessary to secure to him the right to make this defense. Yet it cannot be said to be an immaterial issue that the defendant seeks to make by his pleas. But as he may have the benefit of the same defense under the plea of *nil debit*, it was perhaps liable to the only objection that the defense was allowable under the previous plea, and was therefore unnecessary. 1 Chitty Pl., 527.

We think the court erred in striking out the plea on *non-assignavit*. And for this error the judgment is reversed and the cause remanded for a new trial.