**KIRBY v. ARKANSAS BANK & TRUST CO.**
**(No. 2271.)**

(Court of Civil Appeals of Texas. Texarkana.
May 27, 1920.)

**1. Bills and notes ⬅═493(3), 497(2)—Maker
has burden of proving failure of consideration
and assignee's notice.**

Maker of note sued by assignee, conceding
execution and delivery and assignment before
maturity, has burden of proof on defense that
consideration failed and that assignee had no-
tice thereof.

**2. Bills and notes ⬅═518(1)—Failure of con-
sideration not shown.**

Failure of consideration of note given to
corporation, which was to acquire land and is-
sue stock to maker, is not shown; there being
no evidence that the land will not be acquired
and the stock issued.

Appeal from District Court, Harris Coun-
ty; J. D. Harvey, Judge.

Action by the Arkansas Bank & Trust Com-
pany against John H. Kirby and others.
Judgment for plaintiff, and the named de-
fendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of
Houston, for appellant.

J. W. Lewis, of Houston, for appellee.

HODGES, J. On June 22, 1917, J. H. Kir-
by, the appellant, executed and delivered to
the Marion Coal & Lumber Company his
promissory note for the sum of $5,000, due
four months after date. A few days there-
after the note was indorsed in blank by Earl
D. Sweetwood, treasurer of the Marion Coal
& Lumber Company, and delivered to A. N.
Walker, the president of that corporation.
Some time before its maturity, Walker
pledged the note to the Arkansas Bank &
Trust Company, the appellee, as collateral to
secure his personal obligation amounting to
something over $4,000. Walker having failed
to pay his indebtedness at maturity, demand
was made upon the appellant for the pay-
ment of this note. He refused, and this suit
was instituted by the appellee against the ap-
pellant, the Marion Coal & Lumber Company,
and A. N. Walker. Appellant was the only
defendant who answered in the court below.
He pleaded a failure of consideration, and
alleged, in substance, the following facts:
That a short time prior to the execution of
the note the appellant was approached by A.
N. Walker and Earl D. Sweetwood, who rep-
resented themselves to be the president and
treasurer, respectively, of the corporation
known as the Marion Coal & Lumber Com-
pany; that Walker also represented that he
expected to acquire for that company a large
body of timber and coal land situated in
Tennessee, with which the appellant was then
familiar. Walker further represented that he

needed approximately $10,000 to consummate
the purchase of that property, which amount,
if secured from the appellant, would be used
for the purpose. He further represented that
the papers to be delivered in consummation
of the purchase were then in the possession
of a certain bank in Tennessee, and that, if
appellant would advance the amount of $10,-
000, he (Walker) would immediately proceed
to make the purchase of the property. It was
thereupon agreed between Walker as the
president of the Marion Coal & Lumber Com-
pany, and Sweetwood as its treasurer, and
the appellant Kirby, that the latter would ex-
ecute and deliver to the Marion Coal & Lum-
ber Company two notes for the sum of $5,000
each, which should be immediately used by
Walker in part payment for the property
above referred to; that Walker would proceed
to Tennessee and complete the purchase, us-
ing the two notes in part payment therefor.
In pursuance of that understanding, the ap-
pellant executed his notes and delivered them
to Walker with the express understanding
that they were to be used only in the acquisi-
tion of that property. It was further al-
leged that the representations of Walker were
false and fraudulent and were made for the
purpose of obtaining the appellant's note for
Walker's individual use and benefit, and that
the notes were so used for that purpose by
Walker. After hearing the evidence, the
court gave a peremptory instruction in favor
of the plaintiff in the suit.

[1, 2] In this appeal it is contended that
the evidence presented issues of fact which
should have been submitted to the jury. It
is claimed that the testimony was such as to
support a finding by the jury that the con-
sideration for which the note was given had
failed, and that the appellee was not a pur-
chaser for value and without notice.

The execution and delivery of the note and
its assignment before maturity being conced-
ed, the appellant had the burden of proving
that the consideration had failed and that
the appellee had notice of that fact. In testi-
fying for himself the appellant admitted the
execution of the note. He stated that at the
time the note was given Walker represented
that he (Walker) had decided to make the
purchase of the coal lands but lacked part of
the money; he wanted appellant to take a
part of the investment, which the latter
agreed to do and executed this note and an-
other of like amount and delivered them to
Walker and Sweetwood. Walker represented
that the papers covering the purchase were
then in a bank in Chattanooga, Tenn., and
that with this $10,000 the purchase could be
consummated; that after the purchase was
consummated he (Walker) would issue to ap-
pellant an agreed amount of the stock of the
Marion Coal & Lumber Company as a consid-
eration therefor. On cross-examination he
said:

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I first learned that the plaintiff in this case held one of these notes at the maturity of the note, whatever date that was. These properties that I speak of had not been acquired by the Marion Coal & Lumber Company then. I learned from both Mr. Walker and Mr. Sweetwood prior to the maturity of this note, I should say about September 1917, that the consummation of the deal was held up because one of the selling parties had died and it was necessary to have some court proceeding to bind his heirs, and that the deal was halted pending that court action."

The legitimate inference from the above is that the real consideration for the note sued on was stock in the Marion Coal & Lumber Company to be issued in the future. No defense, however, is predicated upon that fact. The evidence relied on by the appellant was not sufficient to justify a finding that the consideration of the note had failed. There was no evidence that the land had not or would not thereafter be acquired, or that the stock in the corporation would not thereafter be issued. The appellee offered testimony, which was not disputed, that the lands were subsequently acquired and were owned at the time of the trial by the Marion Coal & Lumber Company. It is true the evidence shows that this note was pledged by Walker for the purpose of securing his individual indebtedness to the appellee; but, assuming that the consideration had failed in whole or in part, the evidence was not sufficient to show that the appellee had notice of such failure.

It could serve no useful purpose to quote at length from the evidence. We have carefully considered all of the material facts, and have concluded that the judgment should be affirmed.