## DU PONT NAT. BANK v. CHASE.

(District Court, E. D. Pennsylvania. May 20, 1921.)

No. 7042.

Bills and notes ⬅493 (2), 497 (2)—Payment of value for note to another than maker does not change burden of proof as to lack of consideration, unauthorized diversion, or bona fide purchase.

The mere fact that the note in suit passed to the plaintiff bank without payment by the bank to the maker of the value of the note, does not put the bank to proof that the maker received a consideration for the execution of the note, or that the person to whom the bank paid the value of the note had authority from the maker to receive the money, or that the bank was a bona fide holder.

At Law. Action by the Du Pont National Bank against Edward B. Chase. On motion by defendant for new trial. Denied.

Henry, Pepper, Bodine & Stokes, of Philadelphia, Pa., for plaintiff. J. Claude Bedford, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. In this case there was a directed verdict for the plaintiff. The defendant has moved for a new trial.

The real question involved is whether the plaintiff made out a case. At the most it need be no more than a mere prima facie case, and the first feeling one has in determining it is a feeling of regret that the cause must be determined along the extremely narrow lines indicated.

The defense, however, is in very capable hands. This gives assurance that all which could be done for the defendant has been done. In consequence, the second thought is, and there is some comfort in the thought that in determining the case, as it must now be determined, it will be decided upon its legal merits. Counsel for defendant expresses the very confident opinion that the plaintiff made out no case. This opinion commands our respect, and requires of us a very careful review of the case as presented. The necessity for granting a new trial, if there be one, is proof of the truth of the adage of the folly of a litigant making proof of more than he is required to prove.

The suit is upon a promissory note, the execution of which was admitted. Counsel for defendant concedes that, if the plaintiff had limited its evidence to the note and then rested, a prima facie case would have been made out, to which the defendant would have been called upon to make answer. This is because the note itself expressed the admission of the defendant that it had been given for a good consideration. Instead of doing this, the plaintiff called the cashier, or other officer of the bank, who in turn testified to certain facts which, in the judgment of counsel, constitute a defense. That defense is lack or failure of consideration. The note in suit was the renewal in part of a previous note on which the defendant had made a payment. The inference might be drawn from the evidence that the original note was an accommodation note, of which the defendant was the maker.

The proposition of law upon which the defense was rested is that the one to whom accommodation paper is given cannot recover on it against the maker, and this is true whether he brings the suit in his own name, or whether it is brought in the name of another, to whom the note has been passed over, and who has otherwise no interest in it. If the one to whom the note has been passed is a bona fide holder for value, and received the note before maturity, it is conceded the plaintiff could recover. The real question is therefore narrowed to the one of when the holder of negotiable paper is put to proof that he is such bona fide holder for value. If the note had been put in circulation through fraud or otherwise irregularly, it could not be denied that plaintiff must prove himself to be such innocent holder for value. The final question, however, is whether the holder is put to this proof by the mere fact that the maker had received no consideration for the note. This fact it is to be observed, is entirely consistent and in line with the purposes for which accommodation paper is given. There is no fraud upon the maker and no irregularity in putting such a note in circulation. It is made for that very purpose.

The evidence was that the original note had been received and discounted by the bank, and the proceeds placed to the credit of and presumably paid to the wife of the person from whom the bank received it. No part of the money was traced to the defendant, and the negative fact may be deemed to have been in evidence that he re-

ceived none of it. When the original note fell due, the defendant made a payment on account, and gave the note in suit to the bank for the balance.

Counsel for defendant, who may be trusted to put the defense on its firmest standing ground, plants it upon the statement that the note was without consideration. This statement is based upon the fact that the defendant received nothing. This, however, is only half of the legal thought of consideration. If the bank parted with value, there was a consideration for the issue of the note, although the maker received nothing. If a note were offered to the bank by the maker for discount, and the bank retained and after maturity brought suit upon the note, it could not recover against the maker, notwithstanding the fact that it had mistakenly, or otherwise than at the direction of the maker, paid the value of the note to some one else.

This is the transaction, a concept of which seems to be in the mind of counsel. The transaction here, however, was wholly different. The holder of negotiable paper presents it to the bank, and the bank parts with value. Why should the bank be responsible to the maker for the proceeds of the note? The proceeds of such a note belong, not to the maker, but to the holder, from whom the bank received it, and payment to him, or some one at his direction, is the proper payment, and title to the note passes to the bank.

We are unable to see what the disposition of the money given for the note has to do in itself with the question of the liability of the maker. If the bank had notice that the note was not the property of the holder, but belonged to the maker, or if the note had fraudulently or irregularly been put in circulation, then, of course, a different situation would be presented. The question then recurs as the real question involved in the case whether the mere fact that this note passed to the plaintiff bank without the payment by the bank to the maker of its value puts the bank to proof that the maker received a consideration for the execution of the note, or that the person to whom the bank paid the value of the note had authority from the maker to receive the money.

We adhere to the view taken at the trial that the fact to which we have above referred does not in itself constitute a defense to an action on the note.

The motion of the defendant for a new trial is denied, and plaintiff has leave to enter judgment on the verdict.