(91 South. 313)

WEAVER v. HENDERSON. (8 Div. 370.)

(Supreme Court of Alabama. Oct. 20, 1921.)

1. Corporations ⬳414(2)—Proof of indorsement in blank by president of corporation held sufficient to establish title to note.

Under the Negotiable Instrument Law (Code 1907, § 4979), making the indorsement or assignment by a corporation sufficient to pass the property, notwithstanding the want of capacity to incur liability thereon, proof that the note in suit, which was payable to the corporation, had been indorsed in blank in the name of the corporation by its president, whose signature was duly proven, was sufficient to establish plaintiff's title to the note as a purchaser in due course.

2. Corporations ⬳432(2)—President of manufacturing or trading corporation presumed to have authority to indorse negotiable instruments.

It is always presumed that the president of a manufacturing or trading corporation is authorized to discount and transfer, in course of its business, negotiable instruments held by the corporation.

3. Bills and notes ⬳367—Presumption president of corporation had authority to indorse note is conclusive in favor of holder of note in due course.

Presumption that the president of the payee corporation had authority to indorse a promissory note payable to the corporation is conclusive in favor of a holder of the note in due course.

4. Pledges ⬳24—Recovery by pledgee in due course not defeated by usury in transaction for which note was security.

The maker of a note cannot defeat recovery thereon by a holder in due course on the ground that the transaction between the payee of the note and the indorsee to secure which the note was transferred was illegal because of usury.

Appeal from Circuit Court, Morgan County; E. W. Godbey, Special Judge.

Assumpsit by W. A. Weaver against R. L. Henderson. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Reversed and remanded.

The action was on a negotiable promissory note executed by R. L. Henderson to the Hartselle Oil & Fertilizer Company, and transferred by said company to the plaintiff, Weaver. The defendant pleaded payment, fraud in the procurement of the note, and by sworn plea denied plaintiff's ownership of the note. The plaintiff testified that he loaned the Hartselle Oil & Fertilizer Company the sum of $3,500, for which he took its note for $4,000. payable some four or five months afterwards, and at the same time received from said company a transfer of the note here sued on, with other notes as collateral

security, and that he still owns and holds this note. He testified further that at that time he had no notice or knowledge of any infirmity in the note, and as to this matter no other "testimony was offered. Plaintiff then introduced the note in evidence, and offered to introduce the indorsement on its back as follows:

"Hartselle Oil & Fertilizer Company, by, C. O. Jaggers, President."

On objection indorsement was excluded, whereupon plaintiff further testified that C. O. Jaggers was then president of the corporation, and that the indorsement on the note was in his handwriting. The indorsement was again offered in evidence, and on objection was again excluded. At the request of the defendant, the court directed a verdict for the defendant.

Eyster & Eyster, of Albany, for appellant.

The court erred in not admitting the indorsement. Section 3481, subd. 3, Code 1907; 135 Ala. 550, 33 South. 670; 172 Ala. 264, 54 South. 677; 101 Ala. 95, 14 South. 98; 93 Ala. 468, 8 South. 694; 201 Ala. 602, 76 South. 960.

Wert & Hutson and S. A. Lynne, all of Decatur, for appellee.

The resolution was not proven to have been lost in such sense as to admit evidence relative to its contents. 196 Ala. 335, 71 South. 687; 152 Ala. 251, 44 South. 417; 201 Ala. 631, 79 South. 193; 148 Ala. 519, 41 South. 982; 116 Ala. 659, 22 South. 903, 67 Am. St. Rep. 154. The indorsement was properly excluded. 187 Ala. 100, 65 South. 832; 109 Ala. 662, 19 South. 896, 55 Am. St. Rep. 950; 14 C. J. 93.

SOMERVILLE, J. [1] Under the Negotiable Instruments Law:

"The indorsement or assignment of the instrument by a corporation or by an infant passes the property therein, notwithstanding that from want of capacity the corporation or infant may incur no liability thereon." Code, § 4979.

The plaintiff in this case sufficiently proved his title to the note, and his right to maintain a suit thereon, when he exhibited the note indorsed in blank by the payee corporation, by the act of its president, whose signature was duly proven, and showed that he was a purchaser in due course under the principles of the law merchant.

[2, 3] So far as the authority of the president is concerned, it must always be prima facie presumed that the president of a manufacturing or trading corporation is authorized to discount and transfer, in course of its business, negotiable instruments payable to or held by the corporation. Merchants' Nat.

Bk. v. Gas. Lt. Co., 159 Mass, 505, 34 N. E. 1083, 38 Am. St. Rep. 453; Iowa Nat. Bk. v. Sherman, 17 S. D. 396, 97 N. W. 12, 106 Am. St. Rep. 778; Mann v. Second Nat. Bk,, 34 Kan. 746. 10 Pac. 150; Nichols v. Frothingham, 45 Me. 220, 71 Am. Dec. 539; Milwaukee Trust Co. v. Van Walkenburgh, 132 Wis. 638, 112 N. W. 1083; 1 Daniel on Neg. Inst. (6th Ed.) § 394; 14a Corp. Jur. 735, § 2783, notes 2 and 3. See, also, Stouffer v. Smith-Davis Hdw. Co., 154 Ala. 301, 45 South. 621. 129 Am. St. Rep. 59. That presumption is of course conclusive in favor of a holder of the instrument in due course.

Whether or not such a presumption would be given effect in an action by the transferee against the indorsing corporation, to hold it liable on the indorsement, is a question with which we are not here concerned, and upon which the authorities differ. 14a Corp. Jur. 454, § 2312; Id., 736, § 2785.

The case of U. I. W. Co. v. U. N. S. Co., 157 Ala. 645, 47 South. 652, did not involve the rights of a purchaser in due course of commercial paper, and is not in point.

We conclude that the trial court erred in excluding from the evidence the indorsement by the Fertilizer Company, by its president, as shown on the back of the note in suit.

[4] Some of the special pleas set up usury in the principal note for $4,000 executed to plaintiff by the Fertilizer Company, probably on the theory that usury in the principal note deprives the payee of his standing as a holder in due course of the collateral note indorsed to him as security. But there is no such relation between the principal and the collateral note, and—

"the pledgee is allowed to enforce the payment of the collateral note, where received before maturity, for an advance without notice given upon a usurious loan, as any other holder for value, in the usual course of business." Colebrooke on Coll. Securities (2d Ed.) 239, § 134.

A consideration of other questions argued by counsel would seem to be unnecessary.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.