C. W. NEVIL, ADMINISTRATOR, *et al. v.* BANK OF WHITE-
HOUSE, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed January 19, 1929.

GARNER & O'BRIEN, for complainant, appellee.

TRUE & DORSEY and J. T. BASKERVILLE, for defendant,
appellant.

MR. JUSTICE McKINNEY delivered the opinion of the
Court.

C. W. Nevil is the administrator of Mrs. Durrett, who
died intestate October 6, 1926, aged seventy-eight years,

leaving a valuable estate. She was survived by her aged husband, who was likewise the owner of a good estate. They never had any children. Mrs. Durrett for some years had kept money on deposit in the Bank of Whitehouse, for which interest-bearing certificates of deposit were issued to her. These, it is conceded, were negotiable.

On March 29, 1926, Mrs. Durrett deposited $1000 in said Bank, for which a certificate was issued payable to her order in six months, with four per cent interest. This certificate, endorsed by Mrs. Durrett, was presented for payment by Mrs. Mongold, a niece of intestate, the day after the latter was buried. The Bank paid the accrued interest, and issued a new certificate to Mrs. Mongold. This suit was instituted to recover the certificate and the interest so paid. The Chancellor decreed in favor of the administrator, and his decree was confirmed by the Court of Appeals.

Mrs. Mongold lived some three miles from her aunt, and frequently visited her. A week or two before her death Mrs. Durrett asked her physician to request Mrs. Mongold to make her a visit, which he did, and the visit was made. It is stated in the answer that it was upon this visit that the intestate endorsed and delivered this certificate of deposit to Mrs. Mongold as a gift. Mrs. Mongold could not testify under the statute. The testimony of her husband, to the effect that Mrs. Mongold had this certificate in her possession before the death of the intestate, was excluded, but this was practically admitted in the bill.

The theory of the bill was that Mrs. Durrett endorsed this certificate of deposit and delivered it to her niece for the purpose of having it renewed, but there is no evidence to support this theory. On the other hand, it

appears that Mrs. Durrett had another certificate of deposit in the Bank, which matured before the one in question and which was not endorsed, and was found with her other valuable papers after her death. The testimony further shows that Mrs. Durrett had certificates renewed numbers of times, always sending the certificates without endorsing them. The record presents this situation; upon the death of Mrs. Durrett a negotiable certificate, issued to her and endorsed by her, is found in the possession of Mrs. Mongold. It is insisted that upon these facts Mrs. Mongold will be presumed to be the owner; that a *prima-facie* case is thereby made out in her favor, and that the burden is upon complainant to sustain the allegations of his bill that the certificate was endorsed and delivered to Mrs. Mongold for the purpose of having it renewed.

On behalf of complainant it is insisted that since the answer admits that the certificate was a gift, the defendant must show an intention to give and a delivery of the certificate, which she has not done.

The question is governed by the provisions of the Negotiable Instruments Law.

*(1)* In section 16 of the act (Shannon's Code, section 3516a24), it is provided that "When the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

Construing this statute it was held in *Allen* v. *Hays,* 139 Tenn., 60, that the mere possession of a negotiable instrument unendorsed is not *prima-facie* evidence of ownership as against the payee. The court quoted approvingly from *Roy* v. *Duff,* 170 Iowa, 319, 152 N. W., 606, which arose after the passage of the Uniform Act in that State, as follows:

"This title is presumed to continue until it is shown to have been divested, and we take it to be the rule that the mere possession of such paper, without indorsement, where there is no evidence of a consideration paid, and no evidence of delivery except possession, is an insufficient showing of the passing of title of the defendant. . . . The mere possession of a negotiable promissory note or any negotiable instrument, the title to which passes under the law merchant by indorsement and delivery, is not *prima-facie* evidence of ownership as against the payee. The absence of the *indicia* of ownership is wanting and mere possession does not supply this."

Section 30 of the act (section 3516a38 of Shannon's Code) is in this language:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery."

It being established that this note was regularly endorsed by the payee, and at least presumptively delivered to Mrs. Mongold, she is the *prima-facie* owner thereof under the plain provisions of the act, and the burden is upon the complainant to show that it was endorsed and delivered for a specific purpose, as charged in the bill. It makes no difference whether it was endorsed and delivered to her as a gift, or for a consideration. No such distinction is made by the statute. It was negotiated to her and that is sufficient.

The complainant having failed to sustain the allegations of his bill, it results that the decree of the Court of Appeals will be reversed and the bill dismissed.