RECONSTRUCTION FINANCE CORPORATION *v.* PATTERSON *et al.*

(*Jackson,* April Term, 1937.)

Opinion filed June 10, 1937.

668

H. H. Elder and M. R. Harwood, both of Trenton, for plaintiff in error.

V. H. Holmes and R. P. Adams, both of Trenton, for defendants in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit on a promissory note for $1,260, executed by C. A. Patterson and wife, Mrs. Georgia Patterson, on November 15, 1930, payable to the order of the Home Exchange Bank, and due November 15, 1931. The note was secured by a mortgage deed of trust on certain land. On the back of the note appears the following: "Interest paid to Nov. 15, 1932, and note is hereby extended to that date. This 11/15/31." On February 15, 1932, the note was transferred by the Home Exchange Bank, by indorsement in blank, to the Reconstruction Finance Corporation, and it became the owner and holder of the note.

Defendants filed a plea of the general issue of *nil debet*, and several special pleas, the second of which only is it necessary to discuss. This plea was "That there was no consideration for either the indebtedness declared on, or the note evidencing the same, or the execution of said note." Plaintiff demurred to all of the special pleas, and the demurrer was sustained. The case was tried alone on the first plea. At the conclusion of all the proof, the plaintiff moved the court for a directed verdict in its favor, which motion was granted, and plaintiff given a judgment for the amount of the balance due on the note.

On defendants' appeal to the Court of Appeals, that court reversed the judgment because of the action of the trial judge in sustaining the demurrer to the second plea. Plaintiff filed its petition for *certiorari* and assigned

errors. This petition has heretofore been granted and argument heard.

■ Plaintiff was the holder of said note in due course. Section 7376 of the Code is as follows:

*"What constitutes a holder in due course.*—A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 7380 of the Code is as follows:

*"What constitutes notice of defect.*—To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

It is not averred in the second plea that plaintiff had actual knowledge that there was no consideration for the note. It is only averred that there was no consideration for the debt declared on, or the note.

Under Code, section 7352, it is provided:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course."

In 8 Corpus Juris, 748-750, it is stated:

"As against holders in due course, however, want or failure of consideration is not a defense, in the absence

of a statute to the contrary, and this is the rule under the Negotiable Instruments Law.''

And, again, at page 913:

''. . . But a plea of want or failure of consideration is not good against an indorsee without allegations showing that he is not a *bona fide* holder in due course.''

It is averred in the declaration that the note here in question was hypothecated by the Home Exchange Bank as collateral to secure indebtedness owing by it to the Reconstruction Finance Corporation and that it became the owner and holder of the note. The proof shows that plaintiff became the holder of the note prior to its maturity. Under Code, section 7383, ''Every holder is deemed *prima facie* to be a holder in due course.'' It is insisted that because the note was hypothecated with plaintiff as collateral to secure an indebtedness owing it by the Home Exchange Bank that it is in possession of the note as bailee and not as holder. This contention cannot be sustained. In *Crane & Co.* v. *Hall*, 141 Tenn., 556, 213 S. W., 414, it was held that where defendant executed a note and mortgage, and such note was negotiated contrary to agreement and came into the hands of plaintiff prior to maturity, plaintiff was a holder in due course, even though the note was taken as security for a pre-existing debt owing by the person who negotiated it. The court expressed the view that a pre-existing debt was ''value,'' even though the instrument was transferred merely as collateral security for such debt.

The Court of Appeals held that the note was not indorsed by the Home Exchange Bank. Under the notation showing the payment of interest and extension of the due date of the note appears ''Home Exchange Bank, Rutherford, Tennessee, J. W. Dickson, Cashier.'' The

Court of Appeals related this indorsement to the nota-
tion just mentioned. Defendants filed no plea denying
that plaintiff was the owner and holder of the note. Pass-
ing this, however, we think from an inspection of the
note that the bank's indorsement cannot reasonably be
considered as merely its signature to the interest pay-
ment. The note passed into the possession of plaintiff.
Certainly, the signature of the bank appears on the note.
It will be observed that the interest notation is written
in ink, while the signature is partly with a rubber stamp
and the cashier's name is signed in pencil. This would
indicate that the two entries were not made at the same
time. The interest notation is written at the very top
of the back of the note, at the very edge; consequently a
subsequent indorsement would necessarily fall beneath
it.

We are constrained to sustain the assignments of error
made on the petition for *certiorari*, and reverse the de-
cree of the Court of Appeals and affirm that of the trial
court.

Defendants will pay all the appellate costs.

### On Petition to Rehear.

Mr. Justice DeHaven delivered the opinion of the
Court.

The questions presented by defendant's petition to
rehear are the same as were made on the hearing. Em-
phasis, however, is now laid on section 7383 of the Code,
which is as follows:

"Every holder is deemed *prima facie* to be a holder
in due course; but when it is shown that the title of

any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.''

Section 7379 defines when a title is defective and is as follows:

''The title of a person who negotiates an instrument is defective within the meaning of this law when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud.''

Section 7380 is as follows:

''To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.''

The declaration averred that plaintiff was the ''owner and holder'' of the note sued on and of which profert was made. This was sufficient to show, *prima facie*, that plaintiff was the holder in due course, the note being regular on its face.

The defendant's plea of no consideration as between himself and the payee was no defense as against the holder in due course. Code, section 7352; 8 C. J., 748. The plea was fatally defective without allegations

showing that plaintiff was not a *bona fide* holder in due course. 8 C. J., 913. The demurrer to the plea was properly sustained.

Defendant made no plea that the title of the payee was defective for any of the reasons defined in section 7379, *supra.* But it is argued that defendant should have been allowed under his second plea to show no consideration, and that this would have constituted a defect in title and, under section 7383, would have cast upon the plaintiff the burden of proving it was a holder in due course. But, no consideration, or failure of consideration, is not enumerated or embraced in section 7379 as constituting defect in title.

In 3 R. C. L., 1044, the rule is thus stated:

"The law is now well settled that evidence of want of consideration, as between the original parties to a note or bill, will not shift the burden of proof in an action by an indorsee, nor put him to show that he is a holder for value. The presumption is that the indorsee of a negotiable bill or note is a *bona fide* holder for value, and this presumption is not repelled merely by proof that the bill or note as between the immediate parties was without consideration, and was made, indorsed, or accepted by one for the sole accommodation of the other. Nor is want of consideration a defect in title within the statutory rule that when it is shown that the title of any person who has negotiated an instrument was defective, the burden is on the holder to show that he acquired the paper in due course."

The above was quoted with approval by the Supreme Court of Indiana in the case of *Wheat* v. *Goss*, 193 Ind., 558, 141 N. E., 311, 313, where, in dealing with section 59

of the Negotiable Instruments Law (our Code, section 7383), the court held that want of consideration does not repel the presumption that indorsee is a *bona fide* holder for value, or constitute a defect of title, so as to shift to him, in his suit, the burden of showing that he acquired it in due course. The court said:

"But the courts in all jurisdictions which had previously followed the rule of law above laid down hold that it has not been changed by the statute, and that a defendant in an action by the assignee of a note payable in bank who admits the execution of the note sued on and fails to show that its execution was induced by fraud, duress, or other unlawful means, but bases his defense upon lack or failure of consideration, has the burden of proof to establish that the holder took an assignment of the note with notice of the facts constituting such defense. *Cole Banking Co.* v. *Sinclair*, 34 Utah, 454, 457, 98 P., 411, 131 Am. St. Rep., 885; *Title G. & T. Co.* v. *Pam*, 232 N. Y., 441, 452, 134 N. E., 525; *Standing Stone Nat. Bank* v. *Walser*, 162 N. C., 53, 59, 77 S. E., 1006; *Downs* v. *Horton*, 287 Mo., 414, 431, 230 S. W., 103; *Bank of Polk* v. *Wood*, 189 Mo. App., 62, 67, 173 S. W., 1093; *Citizens' Bank* v. *Kriegshauser*, 211 Mo. App., 33, 244 S. W., 107, 112; *Biggs* v. *Carter*, 179 Iowa, 284, 288, 161 N. W., 322; *Colquitt* v. *Dye*, 29 Ga. App., 247, 114 S. E., 643; *Kirby* v. *Arkansas Bank & T. Co.* (Tex. Civ. App.), 222 S. W., 1118; *Du Pont Nat. Bank* v. *Chase* (D. C.), 272 F., 1016; *Moyses* v. *Bell*, 62 Wash., 534, 540, 114 P., 193."

It is further contended that the note was not transferred by indorsement to plaintiff. The name of the payee is indorsed on the back of the note. Defendant filed

no plea of *non assignavit*. *Klyce* v. *Black, Estes & Co.*, 66 Tenn. (7 Baxt.), 277. When the suit is in a court of record, the indorsee or assignee cannot be required to prove the assignment, unless it has been denied by plea. *Stone* v. *Bond*, 49 Tenn. (2 Heisk.), 425; *Blackwell* v. *Fitzpatrick*, 68 Tenn. (9 Baxt.), 218.

Defendant complains that he was not permitted to show, under the general issue, that he did not consent to the extension of the due date of the note as indorsed on the back thereof. He filed no special plea of *non est factum* asserting that the extension of the due date was an alteration not authorized by him.

It thus appears that neither the plaintiff's title to the note, nor the validity of the extension, was put in issue by requisite pleas.

Finally, we might add that nowhere in the testimony offered by defendant, and rejected by the court for want of proper plea, is there the remotest suggestion that plaintiff had any knowledge or notice of the want of consideration for the note sued on. Defendant was a director of the payee bank, and he says that he executed this note and trust deed given to secure the same to protect himself from his creditors.

The petition must be overruled.