NORBERT TRADING CO., INC. *v.* UNDERWOOD.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

WYNN & WYNN, of Sevierville, for petitioner.

FOWLER, LONG & FOWLER and WILBUR W. PIPER, all of Knoxville, for respondents.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The respondent, Norbert Trading Company, Inc., brought suit against the petitioner, the maker of a negotiable note, on said note. The petitioner entered a plea of non-assignavit. The Chancellor sustained this plea because the complainant had not proven the assignment of the note to it. The original complainant appealed and the Court of Appeals reversed and entered judgment on the note. Two judges of that court concurred in the result but reached this result through entirely different reasons. The third judge dissented. We have granted certiorari and heard argument and the case is now before us for dispositon.

The record shows, as found by the Court of Appeals, that:

"On May 6, 1949, the defendant gave a series of notes to Allied Laundry Machinery Company, Inc., in connection with a purchase of machinery and

equipment. Later, on May 16, 1949, complainant Norbert Trading Company, Inc., purchased these notes from the payee. On each note there appeared the endorsement 'Allied Laundry Machinery Co., Inc., Walter C. Speilman, Pres., Max M. Fine, Sec., Walter C. Speilman, Max M. Fine.' All the notes were paid with the exception of the one for five hundred dollars sued on in this cause. Defendant, in correspondence, complained of failure of consideration and refused to pay this one note. In its bill to enforce payment, complainant charged that it was the 'owner and holder thereof in due course.' To this defendant filed an unsworn plea setting up failure of consideration and that 'said note was not properly assigned to complainant.'

"The only proof offered by either party was the deposition of complainant's president. His testimony was that complainant is engaged primarily in financing new enterprises; that it purchased the note in question, with others in the series, from Allied Laundry Machinery Co., Inc.; that on May 16, 1949, Walter C. Speilman, President of the Machinery Co., came to him and asked him to purchase this and other paper, and that upon questioning he was assured that all of the papers were in order; that the notes were purchased for a ten per cent discount, the conditional sale contract securing same was assigned to complainant and thereafter all of the notes were paid with the exception of this one. He further testified that the purchase of the notes was as a favor to Mr. Speilman whose finances at the time were low."

Section 22 of the Uniform Negotiable Instruments Law is now carried in our Code as Section 7346, and is as follows:

"The indorsement or assignment of the instrument by a corporation or by an infant passes the property therein, notwithstanding that from want of capacity the corporation or infant may incur no liability thereon."

This Section provides for the passing of title by endorsement, not the incurring of liability.

■ The Supreme Court of Alabama in *Weaver* v. *Henderson,* 206 Ala. 529, 91 So. 313, 314, said in reference to the identical provision of the Negotiable Instruments Act that:

"So far as the authority of the president is concerned, it must always be prima facie presumed that the president of a manufacturing or trading corporation is authorized to discount and transfer, in course of its business, negotiable instruments payable to or held by the corporation. \* \* \* That presumption is of course conclusive in favor of the holder of the instrument in due course."

There are a few early decisions which do not agree with the statement of the Alabama Court but the later decisions hold that there is such an implied power, or at least a presumption of authority to endorse such paper. See *Dodo* v. *Stocker,* 74 Colo. 95, 219 P. 222; *Jones* v. *Stoddard,* 8 Idaho 210, 67 P. 650; *Wagnor Trading Co.* v. *Battery Park National Bank,* 228 N. Y. 37, 126 N. E. 347, 349, 9 A. L. R. 340; *Citizens State Bank of Enderlin* v. *Skeffington,* 50 N. D. 494, 196 N. W. 963; *Corn Belt Bank of Bloomington* v. *Forman,* 264 Ill. App. 589, 598; *Warren* v. *Littleton Orange Crush Bottling Co., Inc.,* 204 N. C. 288, 168 S. E. 226; *White* v. *K. B. Johnson & Sons, Inc.,* 205 N. C. 773, 172 S. E. 370, and others that might be found.

■ We have thus a presumption in favor of the Norbert Trading Company that it is the holder of this instrument in due course. This presumption must prevail until the contrary is made to appear by evidence, not merely by a plea denying such a holding.

The Uniform Negotiable Instruments Law "was drafted for the purpose of codifying the principal rules of the law merchant as announced in numerous decisions which were deemed to embody the best doctrine. It was not the purpose to change such of those rules as had been uniformly accepted, but rather to make the law certain and uniform by the adoption of that one of two or more rules (arising out of discordant decisions in different jurisdictions) which was thought to be the best pronouncement of commercial law." *Murray* v. *Thompson*, 136 Tenn. 118, 120, 188 S. W. 578, L. R. A. 1917B, 1172.

Section 17 of the Negotiable Instruments Act is carried in our Code as Section 7340 and provides in part:

"Where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

This provision and Code Section was construed and interpreted by this Court in *Nevil* v. *Bank of Whitehouse*, 158 Tenn. 251, 12 S. W. (2d) 709. This Court there held that when a negotiable instrument payable to A was endorsed by her and found in the possession of B that there was a prima facie case made out of endorsement and delivery and the burden was on A or those claiming under her to show otherwise. This Court in the case last cited quoted Code Section 7354, which is: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by

delivery, if payable to order it is negotiated by the endorsement of the holder completed by delivery.''

The Court at page 254 of 158 Tenn., at page 710 of 12 S. W. (2d), in reference to the above two quoted Code Sections and the facts as outlined by us, stated that: ''It being established that this note was regularly indorsed by the payee, and at least presumptively delivered to Mrs. Mongold, she is the prima facie owner thereof under the plain provisions of the act, and the burden is upon the complainant to show that it was indorsed and delivered for a specific purpose, as charged in the bill. It makes no difference whether it was indorsed and delivered to her as a gift, or for a consideration. No such distinction is made by the statute. It was negotiated to her and that is sufficient.''

The petitioner relies upon a long line of decisions by the courts of this State which have all held that when a plea of non-assignavit is filed that then the burden is on the complainant to prove title to the instrument sued on. Among other cases are *Shaw* v. *Bowen,* 1 Tenn. 249; *Richardson* v. *Cato,* 28 Tenn. 464; *Oliver* v. *Bank,* 32 Tenn. 59, 60; *Stone* v. *Bond,* 49 Tenn. 425; *Klyce* v. *Black, Estes & Co.,* 66 Tenn. 277; *R. F. C.* v. *Patterson,* 171 Tenn. 667, 106 S. W. (2d) 218, 107 S. W. (2d) 513; *Furst & Furst* v. *Freels,* 9 Tenn. App. 423. We fully recognize the force of these decisions. The rule of these cases does not apply since the adoption of the Uniform Negotiable Act in case of negotiable instruments unless there is evidence of failure of consideration and evidence to overcome the presumption created by the Act. When we view the situation in the light of the provisions of the Act hereinbefore quoted and of other provisions of the Act making the holder of a negotiable instrument prima facie a holder in due course, Code Section 7383, entitling the owner

to bring suit thereon, Code Section 7375, and the sections dealing with the definitions and rights of a holder, Sections 7376, 7381 and 7383, all confirm the right of the complainant to recover without the necessity for such proof.

In the instant case we have proof of "transfer" and the payment of a consideration in good faith by the original complainant. The only proof in the record shows that the complainant's President bought the note after being assured that everything was in order. This was a transfer such as is contemplated by the Act. For the reasons stated the judgment of the Court of Appeals must be affirmed with costs.