Simonton, District Judge.
A motion for continuance is addressed to the discretion of the court below. Its action thereon is not reversible here. Woods v. Young, 4 Cranch, 237; Sims v. Hundley, 6 How. 1. In Banks’ Edition of the Supreme Court Reports all the cases are quoted in a note to this case. The first exception is overruled.
Nor will this court entertain an exception because of the refusal of the court below to grant a new trial. This is wholly within its discretion. Parsons v. Bedford, 3 Pet. 433; Insurance Co. v. Folsom, 18 Wall. 237; Railroad Co. v. Fraloff, 100 U. S. 24; Cattle Co. v. Mann, 130 U. S. 75, 9 Sup. Ct. Rep. 458; Railroad Co. v. Winter, 143 U. S. 75, 12 Sup. Ct. Rep. 356. The fourth exception is overruled.
The second and third exceptions have been earnestly pressed. They will be considered together. The position taken is this: S. B. Dick, one of the plaintiffs, being president of the Phoenix Company, had con *381 structive notice of the consideration for which the notes were given, and of its failure. Notwithstanding that in fact he had no knowledge whatever of the transaction, still his position afforded him the means of knowledge. This affected him and his firm with such notice as to take away from them the. protection afforded to bona fide holders of negotiable paper, and to subject them to the plea of failure of consideration. The record shows that the plaintiffs are holders of commercial paper. They are presumed, as such holders, to have taken it before maturity for value, and without notice of any objection to which it maybe liable. This presumption stands until overcome by proof. Swift v. Tyson, 16 Pet. 1; Lexington v. Butler, 14 Wall. 282; Pana v. Bowler, 107 U. S. 541, 542, 2 Sup. Ct. Rep. 704. There is no evidence whatever tending to show that the notes were not acquired before maturity, and for value. The sole contention is that defendant had notice through S. B. Dick. He denies all actual knowledge of the transaction, and the sole inquiry is, did his position as president give him such notice, and put such means of knowledge in his power, as to defeat the title of his firm? The title of a holder of negotiable paper for value before maturity can only be defeated by showing bad faith in him which implies guilty knowledge or willful ignorance of the facts impairing the title. Hotchkiss v. Bank, 21 Wall. 354; Murray v. Lardner, 2 Wall. 110. In this case there is nothing in the record which charges, and nothing in the evidence which proves or tends to prove, fraud or bad faith on the part of the Phoenix Company. The only thing charged is its failure to perform the contract to the satisfaction of defendant,—an occurrence of any day, an occurrence of every day, with honest contractors. Were we to assume that S. B. Dick, as president, was affected with knowledge of all the transactions of the Phoenix Company, nothing appears showing bad faith or guilty knowledge. The most that can be said is that he knew that the notes were given for two engines. The last note was dated 15th July. The first complaint was made 3d August. There is no testimony showing that any of the notes were discounted after that last date. It would be an alarming doctrine were it to be established that a bank discounting the business paper of a well-known customer took the paper subject to any defense which the maker of the note could set up, showing that the goods for which the paper was given were deficient in quantity or quality or both. “When a person,” says the supreme court in Wilson v. Wall, 6 Wall. 91, “has not actual notice, he ought not to be treated as if he had notice, unless the circumstances are such as to enable the court to say, not only that he might have acquired, but also that he ought to have acquired, it, but for his gross negligence in the conduct of the business in question. The question, then, when it is sought to affect a purchaser with constructive notice, is not whether he had the means of obtaining, and might by prudent caution have obtained, the knowledge in question, but whether not obtaining it was an act of gross or culpable negligence.” These exceptions are overruled, and the judgment of the circuit court in every respect affirmed, with interest and costs.