## SAASTAD V. OKESON.

1.   Granting a continuance is discretionary with the trial court.
2.   Where it appeared that defendant's presence was not essential to a proper defense, that he would not have been physically able to be present for some time, and that his deposition might have been taken, and where it was admitted that defendant, if present, would testify as alleged in the affidavit for a continuance, its refusal was not an abuse of discretion.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Roberts county. Hon. A. W. CAMPBELL, Judge.

Consolidated actions by S. O. Saastad and L. O. Lund against George Okeson. Judgments for plaintiffs, and defendant appeals. Affirmed.

*T. M. Grant* and *Howard Babcock*, for appellant.

*A. T. Hanson* and *Ivan W. Goodner*, for respondents.

FULLER, J. For the purpose of the trial, and pursuant to a stipulation of counsel, and the circuit court consolidated the above entitled actions for damages occasioned by the negligence of defendant in setting out a prairie fire by which the property of plaintiffs was destroyed. The respective verdicts upon which a judgment for each plaintiff was entered are abundantly sustained by competent testimony, and no available error occurred at the trial; nor is any urged in the brief of counsel for appellant. The only claim meriting any attention is that a continuance should have been granted upon the application of the defendant, from which it appears that he was too ill to be present at the trial Beyond a statement of purported facts to which the defendant would testify if present at the trial, there is nothing in the showing for a continuance to indicate any special necessity for his presence; and it was expressly admitted by plaintiff that, if present, he would testify as set forth in the affidavit for a continuance. Under the common-law rule, followed by federal courts and several of the states, no error is assignable on account of the refusal to continue a case, either civil or criminal. Cox v. Hart, 145 U. S. 376, 12 Sup. Ct. 962, 36 L. Ed. 741; Electric Co. v. Dick, 3 C. C. A. 149, 52 Fed. 379; Insurance Co. v. Hodgson, 6 Cranch, 206, 3 L. Ed. 200; Baxter v. People, 3 Ill. 368; Sloan v. Guice, 77 Ala. 394; White v. Town of Portland, 63 Conn. 19. 26 Atl. 342; Com. v. Drake, 124 Mass. 21; Banks v. Manufacturing Co., 108 N. C. 282, 12 S. E. 741; Collins v. Smith, 16 Vt. 10. In other jurisdictions, where the application for a continuance

is based upon the unavoidable absence of a witness or party to the suit whose testimony is essential, a denial thereof cannot be reviewed if the opposing counsel admits that the absent party or witness would, if present, testify to the facts stated in the affidavit.    Pate v  Tait, 72 Ind. 450;  Diebold v.  Powell, 32 Ohio St. 173;  People v. Jackson, 111 N. Y. 362, 19 N. E. 54. We consider the matter as being within the discretion of the trial court, whose action is always presumptively right, and will never be reversed in the absence of something to show an abuse of such discretion.    In this case it was known for some time that appellant though convalescing, would be unable to attend the trial without incurring some risk on account of his ailment, and, from the record before us, the inference is irresistible that his deposition might have been taken.    In the absence of any pretense that his actual presence was in any manner essential to a proper defense, and, in view of the admission of all the facts to which it was claimed he would testify if present, there was clearly no abuse of discretion, and the judgments appealed from are affirmed.

HANEY, P. J. (concurring specially).   The judgments of the circuit court should be affirmed because the record discloses no reversible error available to the defendant.

CORSON, J.  ·For the reason stated by Mr. Justice HANEY, I concur in affirming the judgments.