COMMERCIAL STATE BANK, Appellant, v. IVERSON,
Respondent.

(207 N. W. 471.)

(File No. 5505.   Opinion filed February 24, 1926.)

**1.   Corporations—Presumptions—Authority in Managing Officer to Indorse and Discount Paper Presumed.**

Presumption is that general executive officer had authority to indorse and discount negotiable paper of corporation; Rev. Code 1919, Sec. 1723, having no application to such officers.

**2.   Bills and Notes—Note Indorsed in Blank Payable to Bearer.**

Under Rev. Code 1919, Secs. 1713 and 1738, note indorsed in blank became bearer paper.

**3.   Bills and Notes—Parties—Holder of Note Indorsed in Blank May Sue Thereon.**

Bank holding note indorsed in blank was both the "bearer" and "holder," as defined in Rev. Code 1919, Sec. 1892, and, under section 1755, was authorized to sue on the note in its own name.

**4.   Appeal and Error—New Trial—Supreme Court, Reversing Directed Verdict, Will Remand for New Trial, Where Stipulation Was Had that Evidence Might Be Introduced if Motion Denied.**

Where, after motions for directed verdict had been made at close of plaintiff's case, stipulation was had that defendant might introduce evidence should his motion be denied, Supreme Court will, on reversing directed verdict for defendant, remand case for new trial to permit defendant to introduce evidence.

**5.   Corporations—Officer of Corporation Cannot Use Its Assets for Personal Obligations.**

A corporate officer cannot use assets to pay a personal obligation, and attempt to do so is fraudulent, and any one knowingly participating therein is liable to corporation in such manner as circumstances require.

**6.   Bills and Notes.**

Where plaintiff paid for note purchased from corporation by crediting its open checking account, that officer in withdrawing such credit misappropriated money is not available to maker as a defense in suit on note.

**7.   Bills and Notes—In Action by Holder on Note Given to Corporation, Maker Cannot Set Up Defense of Misappropriation of Note for Payment of Corporate Note.**

In action by indorsee and holder on note given to corporation, maker cannot set up defense of misappropriation of note

as being used to pay note of company before incorporation, where note had been renewed in name of the corporation, as any defenses against it would be for the corporation or its successors in interest.

Dillon, J., dissenting.

Appeal from Circuit Court, McCook County; HON. JOHN T. MEDIN, Judge.

Action by the Commercial State Bank against Ibert Iverson. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed and remanded for new trial.

*P. W. Scanlan,* of Salem, and *Martens & Goldsmith,* of Pierre, for Appellant.

*C. H. McCay* and *H. Van Ruschen,* both of Salem, for Respondent.

(3)   To point three of the opinion, Appellant cited:   Utah Implement-Vehicle Co. v. Kenyon (Idaho), 164 Pac. 1176; Dewey v. Komar, 21 S. D. 117; Citizens Bank v. Corking, 9 S. D. 614.

(5)   To point five, Appellant cited:   Oppenheimer v. Simon Reigel Cigar Co., 90 N. Y. Supp. 355; Burnham Loan & Investment Co. v. Sethman, 171 Pac. 824.

Respondent cited:   Wisconsin Yearly Meeting of Free-Will Baptists v. Babler, 91 N. W. 678; Shaw v. Bank, 101 U. S. 557, 25 L. ed. 892; Jenkins v. Planters Bank (Okl.), 126 Pac. 757; Gerrard v. Pittsburg R. R. Co., 29 Pa. 154.

(6)   To point six, Appellant cited:   Ochsenreiter v. Block, 42 S. D. 156, 173 N. W. 736.

Respondent cited: State Bank of Alcester v. Weeks, 189 N. W. 941.

CAMPBELL, J.   Plaintiff brought action in the usual form as indorsee and holder in due course of a promissory note in the principal sum of $100 executed by defendant to Young & Engelhard Creamery Company, a corporation. Defendant answered that plaintiff was not a due course holder of the note; that the note was given for corporate stock of the Young & Engelhard Creamery Company, and was secured by false representations; that said corporate stock was never delivered; that the corporation is now insolvent and bankrupt; and that the consideration for the note had wholly failed.

The case was tried on the issues so joined, and the facts were developed substantially as follows:

For some time prior to the year 1920 C. W. Young and A. H. Engelhard, as copartners under the firm name of Young & Engelhard, had conducted a creamery business at Salem, S. D., and about April 15, 1920, said partnership borrowed $2,000 from plaintiff bank, which indebtedness was evidenced by a promissory note then executed and delivered by said partnership to the bank, which promissory note was subsequently, and on August 8, 1920, renewed by a second note in like amount executed by the partnership to plaintiff bank. In September, 1920, the creamery business which had formerly been conducted by Young and Engelhard as copartners was incorporated under the name of Young & Engelhard Creamery Company, which corporation was duly organized and directors and officers elected, and A. J. Engelhard, one of the former copartners, became and continued the secretary treasurer of the corporation, and acted as such at all times, and was the person "who did the business of the corporation" and "transacted practically all of the business of the corporation," and said corporation, after its organization, appears to have taken over and conducted in every respect the creamery business previously carried on by Young and Engelhard as copartners. After the taking over of the business by the corporation, and about January 5, 1921, the $2,000 renewal note executed by the partnership representing the $2,000 originally borrowed by the partnership in April, 1920, came due, whereupon the corporation paid the interest on the same and took it up by executing and delivering to plaintiff bank the promissory note of the corporation executed by the said A. J. Engelhard as secretary treasurer thereof for the principal sum of $2,000. On March 29, 1921, the corporation, by its secretary treasurer, Engelhard, paid the interest on the note of January 5, 1921, and renewed the same by executing and delivering to plaintiff bank another $2,000 note. On May 19, 1921, the defendant Iverson executed and delivered to the corporation, Young & Engelhard Creamery Company, the note in suit. Thereafter, and on June 3, 1921, Engelhard, as secretary treasurer of the corporation, took the note so given by defendant to plaintiff bank and indorsed and sold the same to the bank, and the bank, in payment therefor, credited the open checking account of Young

& Engelhard Creamery Company in said bank in the sum of $100. At the same time Engelhard, as secretary treasurer of the corporation, indorsed and sold to plaintiff bank certain other notes owned by the corporation executed by other persons, and the checking account of the corporation was likewise credited with the proceeds thereof.  Thereafter, and on the same day, Engelhard, as secretary treasurer of the corporation, gave to plaintiff bank the corporation's check drawn on its account in said bank for the sum of $1,218 to take up the baalnce due on the corporation note dated March 29, 1921, which check was so applied, and which check, when paid and charged against the account of the corporation, more than exhausted the credits previously and on the same day placed to the account as proceeds of the notes sold, including the proceeds of defendant's note.  The form of indorsement made on defendant's note when the same was negotiated to plaintiff bank was as follows:

"Y. and E. Creamery Co., by A. J. Engelhard, Secretary and Treasurer."

Plaintiff having rested, defendant moved for a directed verdict, and plaintiff likewise moved, whereupon the court made findings and conclusions, and entered judgment in favor of defendant for dismissal of the complaint upon the merits, with costs, from which judgment and from an order denying its motion for a new trial plaintiff appeals.

We do not understand upon what theory the judgment appealed from could have been entered.  The respondent had been called as an adverse witness by appellant, and his testimony consisted only of admitting his signature to the note sued upon. The only other witness who testified was one D. Goldsmith, president of appellant bank, who testified as follows regarding the purchase of the note in question by the bank:

"I reside in Salem, and am the president of the Commercial State Bank.  The Commercial State Bank is the owner and holder of the promissory note Exhibit A, and has been since about June 3, 1921, when it purchased the same from the Young & Engelhard Creamery Company.  They were given credit on the books of the bank on their open account on June 3, 1921, for $100.  That $100 was afterwards checked out of their open account in the bank in full on June 4th, leaving a balance to their credit at the close of

business on June 4, 1921, of 10 cents. At the time the bank purchased the note it had no notice or knowledge that the note had been previously dishonored by the maker, and had no knowledge or notice of any infirmity or defect of the title of Young & Engelhard Creamery Company, and purchased the note in good faith. The note was purchased from A. J. Engelhard, the secretary and treasurer of the Young & Engelhard Creamery Company. It is past due, and payment has been demanded from the maker, Mr. Iverson, but he has refused to pay it. I know the signature of A. J. Engelhard, and that is his signature on the back of the note, which purports to indorse it by him as secretary and treasurer, and that is the way they customarily indorse notes."

[1] And on cross-examination, redirect, recross, etc., testified at considerable length with reference to the payment made on June 3, 1921, by Young & Engelhard Creamery Company upon its note held by appellant bank dated March 29, 1921, and the origin and history of said corporation note as above outlined. There was not a syllable of competent testimony in the record showing, or tending to show, that respondent had any defense whatever to this note in the hands of the payee or any other person. The note was his absolute, negotiable, past due, promise to pay money, and, so far as appeared from the record, there was no reason whatever why he should not pay it to any person payment to whom would discharge the obligation. Plaintiff appeared in court with the note in question indorsed by the payee in blank. The indorsement was not made by an agent but by the executive officer of the corporation and neither section 1723, Code 1919, nor the decision of this court in State Bank of Alcester v. Weeks, 189 N. W. 941, 45 S. D. 639, have any application whatsoever to the facts of the case at bar, since said section has no application to the executive officers of a corporation. Uline Loan Co. v. Standard Oil Co., 185 N. W. 1012, 45 S. D. 81, 27 A. L. R. 585. Engelhard was the general executive officer of the creamery corporation and the general manager of its business, and the presumption is that he had authority to indorse and discount negotiable paper of the corporation. Merril v. Hurley, 62 N. W. 958, 6 S. D. 592, 55 Am. St. Rep. 859; Iowa, etc., Bank v. Sherman et al., 97 N. W. 12, 17 S. D. 396, 106 Am. St. Rep. 778; Weaver v. Henderson, 91 So. 313, 206 Ala. 529; Swedish, etc., Bank v. Koebernick, 117 N. W.

1020, 136 Wis. 473, 128 Am. St. Rep. 1090; Merchants', etc., Bank v. Citizen, etc., Co., 34 N. E. 1083, 159 Mass. 505, 38 Am. St. Rep. 453; Winer v. Bank, 117 S. W. 232, 89 Ark. 435, 131 Am. St. Rep. 102; Union, etc., Bank v. Moomak, 184 N. W. 51, 106 Neb. 388; Citizens', etc., Bank v. Skeffiington (N. D. 1924) 196 N. W. 953.

[2, 3]   The note, being indorsed in blank, became bearer paper (sections 1713 and 1738, Code 1919), and appellant was certainly both the bearer and holder of the note as defined in section 1892, Code 1919. Under the express provisions of section 1755, Code 1919, appellant as such holder was authorized to sue on the note in its own name, and payment to appellant in due course would discharge the instrument. Respondent having shown no defense whatever to the note, it was entirely immaterial whether appellant was a holder of the instrument in due course or whether appellant had any beneficial interest in the note or whether as between itself and the creamery corporation it had good title to the note or had the right to retain the note or the proceeds thereof. It is very apparent, therefore, that the court erred in granting respondent's motion for a directed verdict at the close of plaintiff's case, and this error requires the reversal of the judgment and order appealed from.

[4]   The situation as to the motions for directed verdict in this case is somewhat peculiar. Usually motions by both parties for directed verdict are not entertained until the submission of all the testimony, and that is the proper practice, since it will ordinarily make possible final disposition of the case on the appeal without a new trial. In the instant case, however, the plan seems to have been conceived of trying this lawsuit in periods as a football game is played. Both motions for directed verdict were made at the close of plaintiff's case, and the following stipulation was entered into:

"Thereafter it was stipulated by and between counsel that a jury might be waived and the court might take up and consider the two motions made for directed verdict, and that, if the court should decide that the defendant's motion should be denied, then the defendant might introduce evidence in support of the allegations of his answer."

It is apparent, therefore, that the court has permitted re-

spondent to reserve the right to introduce his evidence at a later stage of the case, and however much the procedure thus attempted is to be deplored, yet we do not feel justified in making final disposition of the case on this appeal in view of the fact that respondent might have some evidence not yet produced going to the question of whether appellant is a holder in due course, and, if he can contradict appellant's showing on this point, might then introduce evidence of a defense good as against the maker of the note, and it will therefore be necessary to remand the case for a new trial. In view, however, of some of the matters argued in the briefs on this appeal, and for the guidance of court and counsel in the event of a new trial, we deem it proper to consider somewhat the question of whether or not upon the evidence as it has thus far been developed appellant ranks as a holder of the note sued upon in due course.

[5, 7] We think that question must be answered in the affirmative. Respondent contends that the transfer of a note belonging to a corporation by an officer thereof for his personal profit does not pass the title to the note to any person taking the same knowing that it belongs to the corporation and that the officer is using it for his own gain. This, of course, is sound law. From it respondent argues that since the money credited by appellant to the checking account of the creamery corporation in payment for the note sued upon was drawn out and disbursed by the corporation upon the same day in payment of the balance unpaid upon a note of the corporation dated March 29, 1921, which said note of the corporation was a renewal of a like note of the corporation dated January 5, 1921, which in turn took up a note of like amount originally given by the partnership of Young & Engelhard, the net result of this entire chain of circumstances must be that the note sued upon was transferred by Engelhard for his own personal gain, and that plaintiff could not be a holder in due course. Certainly it is true that an officer of a corporation cannot use the corporate assets to pay his personal obligation upon which the corporation is not liable, and an attempt so to do is fraudulent as to the corporation, and any one who knowingly participates in such attempt is liable to the corporation in such manner as the circumstances may require. The difficulty, however, that arises in connection with respondent's effort to avail himself in this case of

these principles of law is that, so far as respondent is concerned, the consideration paid by appellant for the note in suit was not in fact credited upon a personal liability of Engelhard. Respondent paid consideration by crediting the open checking account of the corporation, which credit was subsequently withdrawn and used by the corporation, and whether the officer of the corporation who withdrew said moneys misappropriated the same or not is not a matter of which respondent can avail himself in this case. Even disregarding the matter of deposit and withdrawal of the money, and assuming that the consideration paid for the note in suit was a direct credit upon the corporation note, yet the note upon which the credit was made was in fact the note of the corporation and not any personal obligation of Engelhard and defenses against it, whether fraud in its inception, payment, failure of consideration, or anything else for the corporation or its successors in interest and not for respondent in this action.

The judgment and order appealed from are reversed, and the case is remanded for a new trial.

DILLON, J. (dissenting). On April 15, 1920, the partnership of Young & Engelhard borrowed from and executed their note to plaintiff bank for the sum of $2,000. On August 18, 1920, said note was renewed by the partnership in the name of Young & Engelhard. On September 2, 1920, a corporation was formed under the name of Young & Engelhard Creamery Company, with A. J. Engelhard, of the partnership of Young & Engelhard, as manager of the Young & Engelhard Creamery Company. The above note of said partnership matured in November, 1920, and was renewed by a note in the sum of $2,000 payable to plaintiff bank, and executed in the name of the Young & Engelhard Creamery Company. Said note was again renewed in March 1921, in the name of the Young & Engelhard Creamery Company. The note plaintiff bank seeks to recover upon is a note executed by defendant herein in the amount of $100, and payable on the face of it to the Young & Engelhard Creamery Company. On June 3, 1920, upon being asked by plaintiff bank to liquidate some of his past indebtedness, A. J. Engelhard indorsed the name of Young & Engelhard Creamery Company on the back of the note in dispute, together with 11 other notes of like character. A deposit slip, showing a credit of $1,200, the face amount of these 12 notes, was

executed by the plaintiff bank through its officers. At the time this deposit slip was delivered, or prior thereto, said A. J. Engelhard executed a check to plaintiff bank in the sum of $1,218, drawn against these 12 notes in the sum of $1,200, and which was applied by the officers of plaintiff bank upon the note dated March 21, 1921, this note being a renewal of the note executed April 15, 1920, by the partnership of Young & Engelhard. Plaintiff bank brought this action to recover on the note for $100 executed by defendant to the Engelhard Creamery Company, and the trial court found that the plaintiff bank had no title to this note, dismissed the action, and entered judgment for the defendant. It is from this decision and an order denying a new trial that this appeal is taken.

It is the contention of the appellant that it is a holder in good faith of the promissory note of $100, while respondent contends that appellant has no title in the note.

The various assignments of error present like questions, so I have grouped them together, as was done by appellant's counsel. Appellant first argues that respondent cannot question appellant's title to the note in dispute, since plaintiff is a bona fide purchaser. The burden of proving ownership of a negotiable instrument is always upon the party alleging ownership, and appellant has wholly failed to prove that it is a bona fide purchaser of said note. The evidence clearly shows that officers of appellant bank were fully aware that the funds of the corporation of Young & Engelhard Creamery Company were being used by the manager of that corporation, namely, one A. J. Engelhard, to pay on a note executed by the corporation in renewal of a note originaly executed by the partnership of Young & Engelhard. In State Bank of Alcester v. Weeks, 189 N. W. 941, 45 S. D. 639, this court said:

"Title to commercial paper passes by indorsement, and, when the indorsement is made by one other than the owner, it is necessary to show that the one making such indorsement had authority from the owner to indorse the same, and the party asserting ownership by virtue of such indorsement has the burden of proving such authority."

Plaintiff bank had the right to demand that A. J. Engelhard prove his authority to indorse said note, but no evidence is offered to show that said A. J. Engelhard ever had authority from the

corporation of the Young & Engelhard Creamery Company to indorse a note of said corporation in payment of a debt of the partnership of Young & Engelhard.   Section 1727, R. C. 1919, provides that—

"Where a signature is forged or made without authority it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

Respondent is in no way estopped from setting up a want of authority.   The argument of the appellant that the corporation would be estopped to question the acts of its secretary is entirely Without merit. Jenkins v. Planters' Bank, 126 P. 757, 34 Okl. 607:

"* * * The officer of a corporation is not permitted to divert to his own use the funds of his principal without authority to do so, and one who purchases such funds without evidence of such authority does to at his peril.".

Mooney v. O. P. Mooney Co., 128 P. 227, 71 Wash. 263:

"An officer who receives the note * * * of a corporation in payment of the personal debt of the officer with whom he deals does so at his peril.   The reason is that such a transaction is not in the regular course [of business] but is presumptively ultra vires."

The decision of the trial court was made upon the question of appellant's title to the note after a clear preponderance of the evidence, and I think the judgment and order of the trial court should be affirmed.

Note.—Reported in 207 N. W. 471.   See, Headnote (1), American Key-Numbered Digest, Corporations Key-No. 432(2), 14a C. J. Secs. 2248, 2783; (2) Bills and notes, Key-No. 188, 8 C. J. Sec. 537; (3) Bills and notes, Key-No. 443(3), 8 C. J. Sec. 1087; (4) Appeal and error, Key-No. 1177(7), 4 C. J. Sec. 3240; (5) Corporations, Key-No. 430, 14a C. J. Secs. 1878, 2224; (6) Bills and notes, Key-No. 452(2), 8 C. J. Sec. 1009 (Anno.); (7) Bills and notes, Key-No. 453, 8 C. J. Sec. 1009 (Anno.).