VANDERGRIFF v. VANDERGRIFF.

4-8227                                    202 S. W. 2d 967

Opinion delivered June 9, 1947.

*Heartsill Ragon* and *Paul E. Gutensohn,* for appellant.

*A. A. McCormick,* for appellee.

ED F. McFADDIN, Justice. Appellee, Kenneth Vandergriff, brought suit against the appellant, Grace Iva Vandergriff (his stepmother) to obtain judgment on a note, and to foreclose a mortgage. The chancery court rendered a judgment and decree of foreclosure, as prayed in the complaint; and this appeal ensued. In the briefs many interesting questions are presented, but we find it unnecessary to discuss or decide them; because we reverse the decree of the chancery court, and remand the cause, with directions to dismiss the suit without prejudice to any claims of any and all parties. We reach this conclusion (1) because of the failure to introduce the original note, or to account for its absence; and (2) because the proof does not show that, at the time of the filing of the suit, there had been any breach of any condition in the mortgage.

## FACTS

On November 10, 1945, Kenneth Vandergriff filed complaint against his father, G. W. Vandergriff, and the appellant, Grace Iva Vandergriff. The complaint alleged that, on January 30, 1942, the defendants, for value received, executed their promissory note to Edgar Covey for $3,000 with interest at 8% from date until paid; and, to secure the note, the defendants on the same day executed, acknowledged, and delivered to Edgar Covey a mortgage on certain real estate here involved, which mortgage was duly recorded. The complaint also alleged that on November 30, 1942, the said Edgar Covey, for value received, assigned the said note and mortgage to the plaintiff, Kenneth Vandergriff; and that the indebtedness secured by the mortgage was past due and unpaid; and that the plaintiff was entitled to judgment on the note, and foreclosure of the mortgage. The com-

plaint also alleged that copies of the note and mortgage were attached to the complaint; but no such copies are in the transcript in this court.

The defendant, G. W. Vandergriff, defaulted, and testified on behalf of Kenneth Vandergriff. The defendant, Grace Iva Vandergriff, filed a general denial, and also, *inter alia,* claimed that the indebtedness recited in the mortgage had been fully paid, and that the assignment from Edgar Covey to Kenneth Vandergriff was a part of a fraudulent scheme planned and executed by G. W. Vandergriff and Kenneth Vandergriff for the purpose of defeating Grace Iva Vandergriff of her entirety estate and homestead rights in the mortgaged property.

At the trial Kenneth Vandergriff attempted to introduce a copy of the note sued on, but Grace Iva Vandergriff objected. The following occurred:

"By Mr. McCormick: Q. Is that the original mortgage you bought from Covey? A. Yes, sir. Q. Was there a note attached, and did he deliver you a note with that mortgage? A. Well, yes, sir. There was a note attached to it. Q. There was, when you bought it? The Court: Listen! He hasn't really said so yet; have you? A. Well, I remember there was a note, but it is not attached to this. I kept all my papers over at the Jefferies Amusement Company—in a safe over there. The Court: Q. Where is that note? A. I don't know. It must have been lost."

. . . . .

"By Mr. McCormick: Q. Is that a copy of the note you received from Covey? A. Yes, sir. Q. And that note accompanied the mortgage at the time you bought it from Covey? A. Yes, sir. Q. How much did you give Mr. Covey for that note and mortgage? A. If I remember right, three thousand and something. $3,215, I believe. Mr. McCormick: You have looked at this, and it is already introduced in testimony. Mr. Ragon: Of course, we objected to the introduction of the copy of the note originally, and we do so now. The Court: The

objection should be sustained, unless there is proof of the existence of the original note, and proof that it has been lost.''

The original note was never introduced, nor was there any further attempt made to account for the loss of the original note. No copy appears in the record. On the witness stand, Grace Iva Vandergriff denied that she had ever signed any such note.

The original mortgage was introduced in evidence. It was dated January 30, 1942, and recited the following as to indebtedness and maturity:

''The foregoing conveyance is on condition: That, whereas, the said mortgagors are justly indebted to the said mortgagee in the sum of three thousand dollars ($3,000), for borrowed money, evidenced by 1 promissory note of even date herewith with interest thereon at the rate of 8% per annum, and due 5 years from the date hereof.''

There were other provisions in the mortgage concerning payment of taxes and insurance premiums, and allowing an acceleration of maturity on default of the performance of these provisions; but no such default was alleged or proved as to taxes and insurance. The entire basis of the foreclosure was the maturity of the mortgaged indebtedness. We point out that, by the terms of the mortgage, there was no acceleration clause for failure to pay interest, on annual dates; and that the indebtedness was not due until five years from January 30, 1942; and that this suit was filed on November 10, 1945; and the decree was rendered by the chancery court on November 20, 1946.

## OPINION

In view of the facts recited, we hold:

I. There could be no judgment on the alleged note, because it was not introduced in evidence, nor was its absence explained as a foundation for proof of its contents. What we said on this point in *Clark* v. *Shockley*, 205 Ark. 507, 169 S. W. 2d 635, applies here:

"It is a fundamental principle that, in order to sustain a judgment, the note sued on must be introduced in evidence or its absence explained.

"In 8 C. J. 1058, the rule is stated as follows: 'The bill or note sued on must in general be produced at the trial before a verdict and judgment can be rendered thereon, or an axcuse shown for its nonproduction. . . .'" Cases from many jurisdictions are cited to sustain the text, and the rule is given in the same language in 11 C. J. S. 199.

"In 8 Am. Juris., 1121, the rule is in the following language: 'Where a note sued on is in the possession of the plaintiff, he must produce it, as it is the best evidence. Nonproduction, however, is excused, and secondary evidence of the execution and contents of the instrument is admissible, where by reason of the facts and circumstances of the particular case its production by the plaintiff is prevented, . . .'

"In the case of *Sebree* v. *Dorr*, 9 Wheaton 558, 6 L. Ed. 160, the Supreme Court of the United States, speaking by Mr. Justice Story, in 1824, said: 'There is another objection, which is equally decisive of the case. It is, that there was no production of the original notes, nor any excuse offered to account for the nonproduction of them at the trial. It is a general rule of the law of evidence, that secondary evidence of the contents of written instruments is not admissible, when the originals are within the control or custody of the party. Here no proof was offered to show that the original notes were impounded, or that they were not within the possession of the party, or within the reach of the process of the court.'"

II. There could be no foreclosure of the mortgage until there had been a breach of the condition of the mortgage, and no breach was shown. The plaintiff failed to show either (1) that the indebtedness was past due; or (2) that the mortgage allowed foreclosure for default in any annual interest payment; or (3) that the defendant had failed to pay taxes or insurance premiums. In short,

no breach of any condition of the mortgage was shown. On the contrary, it was affirmatively shown that the indebtedness would not have been due until January 30, 1947, which was more than a year subsequent to the filing of the suit: so, this present suit was filed prematurely. In *Winn* v. *Collins*, 207 Ark. 946, 183 S. W. 2d 593 we said:

"In 1 Am. Juris. 451 the rule is stated: 'A cause of action must exist and be complete before an action can be commenced; the subsequent occurrence of a material fact will not avail in maintaining it. The rights and liabilities of the parties—that is, their rights to an action or to judgment or relief—depend upon the facts as they existed at the time of the commencement of the action, and not at the time of the trial.'

"And in 1 C. J. S., § 125, p. 1391, the general rule is stated: 'In equity, if there is no cause for equitable relief at the time the bill is filed, it cannot be maintained upon a cause accruing thereafter, . . .'

"Our own cases are in accord with this general rule. In *Hornor* v. *Hanks*, 22 Ark. 572, this court said in an equity case: 'The law is expressly written, that the right of a plaintiff must be adjudicated upon as it existed at the time of the filing of his bill. Adams Eq. 413; *Barfield* v. *Kelly*, 4 Russ. 359. And this court has decided that where a bill disclosed a good cause of action, but which had not accrued when the bill was filed, the bill could not be maintained. *Phebe* v. *Quillin*, 21 Ark. 490.' To the same effect, see *Shreve Chair Company* v. *Manufacturers' Furniture Company*, 168 Ark. 756, 271 S. W. 954. See Annotation in 125 A. L. R. 612."

## CONCLUSION

It therefore follows that the decree of the chancery court is reversed, and the cause is remanded with directions to enter an order dismissing the present suit, but without prejudice to the rights and claims of any and all parties touching any of the matters involved in this suit. Costs of all courts in the present suit are adjudged against appellee.