**CHUNG WING PING et al., Appellants**

v.

**Robert F. KENNEDY, Attorney General of the United States, et al., Appellees.**

**No. 16105.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 24, 1961.

Decided July 20, 1961.

Mr. I. H. Wachtel, New York City, for appellants.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., at the

time of argument, were on the brief, for appellees. Messrs. David C. Acheson, U. S. Atty., and Donald S. Smith, Asst. U. S. Atty., also entered appearances for appellees.

Before PRETTYMAN, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellants are Chinese aliens who entered the United States while crewmen aboard vessels lying at port in this country. Each has illegally remained in the United States and each has sought to adjust his status, pursuant to 8 U.S.C.A. § 1255 (1958), to that of a permanently admitted refugee from communism who had fled his native land because of persecution or fear of persecution on account of race, religion or political opinion.

Appellants' first application to the Attorney General for discretionary relief under the statute was denied on the ground that existing regulations as to alien crewmen made them ineligible for such relief. Following litigation questioning these regulations, the regulations were amended and, thereafter, appellants received notice to resubmit their applications, which was done. Appellees again denied the relief requested and, on December 2, 1959, appellants filed in the District Court complaint for declaratory judgment and injunctive relief, seeking to compel appellees to grant the relief sought and alleging that the denial of such relief was arbitrary and capricious, not on the merits, and the result of a "void and illegal agreement" between the appellees not to grant such relief to any Chinese alien crewman. The administrative orders denying relief in these cases in each instance recites that the action was taken only after consideration of each case on the merits.

On September 9, 1960, appellees filed a motion for summary judgment. On the day before the hearing of that motion, appellants moved for a continuance to permit them to interrogate by discovery proceedings certain Government officials in order to obtain evidence of the alleged "void and illegal agreement," which evidence it is alleged was exclusively within the possession of appellees. Affidavit of counsel for appellants was attached to the motion for continuance and contained, in pertinent part, the following:

"That the basis of the complaint is that upon Information and belief the plaintiffs *believe* that there was an illegal agreement between the State Department and the -Immigration and Naturalization Service in that crewmen who applied for relief under Section 15(a) (3) of the Act of September 11, 1957 [50 U.S.C.A. Appendix, § 1971 a note] were denied the issuance of visas and the subsequent adjustment of status solely because they were crewmen and for no other reason. *That it is believed* that there was an agreement between the offices of the two defendants that seamen would be treated differently than other immigrants who were in this country. [Emphasis supplied.]

"That the information regarding this illegal conspiracy is solely within the knowledge of the defendants and for the plaintiffs to properly pursue their causes of action then they must be permitted to question various employees of the defendants. That even in the argument of the defendants' motion for summary judgment the plaintiff is seriously handicapped in not having any information *which is solely in the* hands of the defendants.

"That upon information and belief your deponent feels that the applications of these plaintiffs was not on the merits of each individual case but it was based on the manner that the alien entered the United States. * * * "

Appellees supported their motion for summary judgment by a certification of the administrative record detailing the administrative procedures followed with respect to the several applications for discretionary relief.

The trial judge denied appellants' motion for a continuance and granted judgment for appellees on the merits on their motion for summary judgment. This appeal followed.

We are met at the outset by the Government's suggestion of mootness. which is based on the amendment to § 245(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1255(a), withdrawing the discretion of the Attorney General to grant the relief here sought in the case of applicants such as the present appellants. Appellants claim their action is retrospective in nature and relates back to a date on which the Attorney General still possessed such power. In the view we take of the case, it is unnecessary for us to decide the issue of mootness.

The administrative record filed with the District Court as part of appellees' answer to the complaint is complete and regular on its face and furnishes not the slightest indication of any "agreement" such as that alleged in the complaint. The complaint itself, reciting no facts giving rise to any inference of such an agreement, is couched in legal conclusions.

At the hearing on the motion for summary judgment and on appellants' motion for a continuance, appellants stated that they were unable even to argue effectively the motion for summary judgment without the information they sought to obtain by discovery. It is beyond dispute that a motion for continuance is addressed to the sound discretion of the court. We note that appellants did nothing to obtain discovery until some ten months after filing their complaint, when the merits of their case was called into question by the summary judgment procedure. Diligent prosecution of a cause of action which is dependent for success upon discovery demands that the plaintiff seek discovery in preparation of his case and not as a backdoor defense to a test of the merits of his claim.

The simple fact of the present case is that counsel must have known that, if appellants had a cause of action, it depended entirely on matters *de hors* the record, the administrative record being unassailable. Yet no effort was made to obtain discovery until the eve of the hearing of the motion for summary judgment. There has been no claim of excusable neglect or inadvertence. Accordingly, we cannot say that the trial judge abused his discretion in refusing the continuance.

Further, we think there was, in any event, no sufficient basis for the taking of depositions of the appellees. Assuming that the taking of the testimony of the Government officials under the circumstances here was proper—a matter of considerable doubt—certainly they should not have been compelled to submit to a fishing expedition based on an unsupported and nebulous allegation of criminal conspiracy. The rule has been admirably stated by Judge Fahy of this court in Riley v. Titus, 1951, 89 U.S.App. D.C. 79, 80–81, 190 F.2d 653, 654–655, as follows:

"The appellant bases her suit for recovery under the Federal Tort Claims Act upon alleged misconduct of her superior officers prior to her discharge. For the most part, however, her complaint describes their action in only such general and conclusionary terms as 'arbitrary' and 'unlawful.' No factual allegations emerge from her voluminous pleadings and affidavits with sufficient clarity to show a basis for recovery on a theory of tort liability. At the most there are only remote references to a 'conspiracy' and 'threats' by two persons who were her superiors at different times, in different states. In a parallel situation, this court has stated, 'Though it [the complaint] characterizes appellees' alleged conduct as wrongful, unlawful, and malicious, it does not sufficiently disclose the conduct to enable a court to judge whether or not it was tortious.' Burns v. Spiller, 1947, 82 U.S.App.D.C. 91, 161 F.2d 377, certiorari denied, 1947, 332 U.S.

792, 68 S.Ct. 101, 92 L.Ed. 373. See Rule 8(a), Fed.R.Civ.P. In that case the complaint was dismissed for failure to state a claim upon which relief could be granted; there appearing no issue as to any material fact, the granting of summary judgment was proper in regard to this aspect of appellant's case for the same reason."

The judgment of the District Court is

Affirmed [1].

1. Cf. Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; Rizzi v. Murff, D.C.S.D. N.Y.1959, 171 F.Supp. 302.