INTERCONTINENTAL TRANSPORTA-
TION CO., Inc., Libelant,

v.

S.S. YUKON (formerly S.S. Natalie), her engines, boilers, etc.

No. 64 Ad. 694.

United States District Court
S. D. New York.

Feb. 8, 1966.

Burke & Parsons, New York City, for libelant; Raymond J. Burke, Thomas A. Dillon, Jr., New York City, of counsel.

Zalkin & Cohen, New York City, for Arthur G. Syran, trustee in bankruptcy; Henry Lewis Goodman, New York City, of counsel.

Dougherty, Ryan, Mahoney & Pellegrino, New York City, for Maryland Ship

Ceiling Co., Inc.; James B. Wallace, Jr., New York City, of counsel.

Crowell, Rouse & Varian, New York City, for William H. Swan & Sons, Inc.; E. C. Rouse, New York City, of counsel.

Schulman, Abarbanel & Kroner, New York City, for Seafarers Welfare Plan, Seafarers Vacation Plan and Michael De-Velez; Arthur Abarbanel, New York City, of counsel.

WEINFELD, District Judge.

The libelant, by this motion for summary judgment made pursuant to Admiralty Rule 58, seeks to have declared valid and to foreclose a First Preferred Mortgage on the S.S. Yukon, formerly the S.S. Natalie. Libelant, which had been the owner of the vessel, sold it to Transasia Marine Corporation, which executed and delivered the mortgage to libelant to secure part payment of the purchase price for the vessel. Several months after the transaction Transasia was declared bankrupt.

The motion is opposed by the trustee in bankruptcy and various maritime lienors. The basis of their opposition is a claim that despite an affidavit by Transasia delivered at the time of closing containing representations of United States citizenship of the vessel as required by the Ship Mortgage Act of 1920,[1] such was not the fact; that in truth, a trustee holding eighty per cent of the outstanding stock of Transasia for the benefit of infants allegedly citizens of the United States was in fact acting for an Iranian citizen, who was the true and beneficial owner of the shares; that libelant herein, when it received the affidavit upon which it claims it relied in entering into the transaction, had actual or constructive knowledge that the required United States citizenship was lacking.[2]

While the court does not pass upon the verity of the bankruptcy trustee's and lienors' contention, excerpts from testimony in prior proceedings indicate the existence of the claimed issue of fact, which alone precludes summary disposition as requested by libelant. Moreover, the maritime lienors whose libels were consolidated with the instant libel have not yet had an opportunity to engage in pretrial exploration of the factual situation as to the ownership of the stock.[3]

Under all the circumstances the motion for summary judgment is denied.

---

1. See 46 U.S.C. §§ 911 and 922. See also, 46 U.S.C. §§ 11, 19, 252, 254.

2. Cf. 46 U.S.C. § 961; The Mariam, 66 F.2d 899, 901 (9th Cir. 1933); The Maberhex, 6 F.2d 415 (D.R.I.1925).

3. See La Cotonniere de Moislains v. H & B American Mach. Co., 19 F.R.D. 6, 8 (D.Mass.1956). Cf. Chung Wing Ping v.

Kennedy, 111 U.S.App.D.C. 106, 294 F. 2d 735, 737 (D.C.Cir.), cert. denied, 368 U.S. 938, 82 S.Ct. 380, 7 L.Ed.2d 337 (1961) (dictum); California Apparel Creators v. Wieder of California, Inc., 162 F.2d 893, 901, 174 A.L.R. 481 (2d Cir.), cert. denied, 332 U.S. 816–817, 68 S.Ct. 156, 92 L.Ed. 393 (1947) (dictum).