245 So.2d 660 (1971)
Louis J. FERRIS, Appellant,
v.
Joseph NICHOLS et al., Appellees.
No. 69-787.
District Court of Appeal of Florida, Fourth District.
February 17, 1971.
Rehearing Denied April 5, 1971.
*661 Louis J. Ferris, Jr., Orlando, for appellant.
Cecil C. Martin and Stephen P. Kanar of Fishback Davis Dominick & Salfi, Orlando, for appellee Nichols.
REED, Judge.
This is an appeal from a summary judgment in favor of the plaintiff, Joseph Nichols, and against the defendant Louis J. Ferris.
The action was commenced by a complaint filed in the Circuit Court for Orange County, Florida, which alleged in five numbered paragraphs that the defendant on 17 February 1967 executed and delivered to the plaintiff a promissory note; that the note was due; that the defendant had paid nothing on the note and, therefore, was obligated to the plaintiff in the face amount of the note. A copy of the note was attached to the complaint.
The answer of the defendant reads as follows:
"Defendant denies each and every allegation of paragraphs 1, 2, 3, 4 and 5 of Plaintiff's Complaint. * * *"
No affirmative defenses were asserted in the answer.
In our opinion, the answer of the defendant was simply a general denial of the assertions in the complaint. As such it had the legal effect of admitting that the defendant did sign the note and eliminating from the action any issue as to signature. Had the defendant desired to deny that he signed the note, he should have done so by a specific denial addressed to the appropriate allegations in the complaint. This burden is placed on the defendant by the Uniform Commercial Code which provides in F.S. 1967, section 673.3-307(1), F.S.A.:
"Unless specifically denied in the pleadings each signature on an instrument is admitted. * * *"
On 10 September 1969 the plaintiff filed a motion for summary judgment. The motion was heard on 6 October 1969. The basis for the summary judgment was an affidavit which had been filed by the plaintiff on 28 August 1969 in connection with an earlier summary judgment which had been denied. This affidavit had been served on 27 August 1969. Following the 6 October hearing on the motion for summary judgment, the trial court allowed the plaintiff to supplement the aforesaid affidavit. Plaintiff then filed and served on 7 October 1969 an affidavit in which the plaintiff states:
* * * * * *
"1. That he is the plaintiff herein.
"2. That on February 17, 1967, Defendant LOUIS J. FERRIS, executed and delivered to Plaintiff a promissory *662 note in the amount of $10,000.00, which the said Defendant agreed to pay to Plaintiff on or before February 17, 1969.
"3. The Defendant failed to pay said note when due.
"4. There is now due, owing and unpaid from Defendant to the Plaintiff $10,000.00 on said note, with interest since February 17, 1969."
Following the filing of this affidavit, an order was entered granting the motion for summary judgment. Thereafter on 13 November 1969 a final judgment was rendered for the plaintiff from which this appeal has been taken.
Despite the contention of the appellant, we see no reason why the plaintiff-movant could not have relied on the affidavit filed on 28 August to support his later motion for summary judgment. This affidavit was obviously filed and served a minimum of twenty days in advance of the hearing on the motion. Nor can we see any reason why the trial court at the hearing on the motion could not, in its discretion, have permitted the earlier affidavit to be supplemented. Rule 1.510(e), F.R.C.P., 31 F.S.A., specifically provides:
"* * * The court may permit affidavits to be supplemented or opposed by * * * further affidavits."
However, neither the affidavit of 28 August nor the supplemental affidavit or both in combination are sufficient to warrant a summary judgment. Neither of the affidavits complied with that portion of the summary judgment rule which provides:
"* * * Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." (Emphasis added. See Rule 1.510(e), F.R.C.P.)
Because of the failure of the plaintiff to comply with this rule neither affidavit sufficiently identifies the note referred to therein as the note on which the action is based.
Furthermore, it does not appear from the record that the original of the note was ever produced before the trial court. Except in the unusual case where the suit is on a lost or destroyed note, the instrument sued on should be produced in order to entitle the holder to recovery. F.S. 1967, section 673.3-307(2), F.S.A., provides:
"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." (Emphasis added.)
Applying this statute in the context of the present case, it appears that the plaintiff would have been entitled to a summary judgment had he produced the note and sufficiently identified it by affidavit as the note sued on inasmuch as the defendant's signature on the note was in effect admitted by the answer.
For the foregoing reasons, the judgment appealed from is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
WILLIAMS, ROBERT L., Associate Judge, concurs.
WALDEN, J., concurs in conclusion only.