FARMERS & MERCHANTS STATE BANK, Respondent

v.

MANN, Appellant

(203 N.W.2d 173)

(File No. 11050. Opinion filed January 4, 1973)

George N. Manolis, of Churchill, Sauer & Manolis, Huron, for plaintiff and respondent.

Gunderson, Farrar, Aldrich, Warder, DeMersseman & Wilkins, Rapid City, for defendants and appellants.

BIEGELMEIER, Presiding Justice.

In the action to recover judgment on three promissory notes, the trial court granted plaintiff's motion for summary judgment and defendants appeal. Plaintiff's complaint alleged defendants executed and delivered the notes wherein they promised to pay to the order of Jarvis Wallum or Evelyn Wallum $2,500 on August 15, 1968; $5,000 on September 15, 1969 and $5,000 on September 15, 1970, with interest at 6% per annum; that the notes by endorsement were assigned to plaintiff who was the owner and holder thereof. Copies of the notes and endorsements thereon attached to the complaint showed the endorsements dated August 1, 1968. The complaint prayed for judgment of $11,000 and interest. The action was commenced by service of a

summons and the complaint in November 1970, titled in Kingsbury County at which time garnishment proceedings were instituted against three garnishees of defendants. On December 17, 1970, counsel stipulated to transfer the action to Day County and the court in January so ordered.

Defendants' answer in four short paragraphs included a general denial and three affirmative defenses, each separately started without any one referring to or including the other as part of it by adoption or otherwise. See RCP 19(b) and (c); SDCL 15-6-19(b) and (c). [1]

Years ago a general denial may have been a good paper defense sufficient to postpone the action until trial, and was probably the reason that rules of practice and procedure were adopted to test whether defenses have merit or are made for the purposes of delay. See Barron and Holtzoff, Federal Practice and Procedure, § 1231; Robin Construction Company v. United States, 3 Cir., 345 F.2d 610. It is clear the general denial defense fell by the wayside in the motion for summary judgment proceedings. This motion was based on the affidavit of the president of the plaintiff bank. It referred to the complaint and stated the bank purchased the three notes for value on August 1, 1968; that $1,500 was paid thereon on August 15, 1968, leaving

1. While the defenses were narrowed by the affidavits submitted, mention is made of the other stated defenses. The first affirmative defense (¶ II) alleged plaintiff was not a holder in due course. Standing alone it constituted no defense, as an assignee not a holder in due course, may recover on a promissory note, there being no other facts therein alleged which could constitute a defense.

The second affirmative defense (¶ III) alleges lack of consideration; again standing alone this presented no defense, unless plaintiff was not a holder in due course. The third affirmative defense (¶ IV) stated payee obtained the notes by fraud. RCP 9(b) (SDCL 15-6-9(b)), requires that in all averments of fraud, the circumstances shall be stated with particularity. Noncompliance with that rule is noted as this defense is referred to in affidavits at the summary judgment hearing. For the purposes of the opinion they are considered as including all paragraphs as a defense.

Generally see SDCL 57-11, 57-12 and Commercial State Bank v. Iverson, 49 S. D. 466, 207 N.W. 471, as to ¶ II; SDCL 57-13, 53-6-3 and 11 C.J.S. Bills and Notes § 655a as to ¶ III; Robison v. Caster, 356 F.2d 924 (7 Cir. 1966), Duane v. Altenburg, 297 F.2d 515 (7 Cir. 1962), and Perma Research and Development Co. v. Singer Co., 410 F.2d 572 (2 Cir. 1969), as to ¶ IV.

an unpaid balance of $11,000. The affidavits of plaintiff's attorney made in support of the motion and in rebuttal stated no facts admissible under RCP 56(e), SDCL 15-6-56(e), and cannot be considered. The reasons are later mentioned in connection with defendants' showing.

■ The affidavits of both Owen A. Mann and Helen Mann admit their signatures on the notes. Indeed it may be well to call attention to § 3-307(1) of the Uniform Commercial Code, now SDCL 57-12-19, which provides "Unless specifically denied in the pleadings each signature on an instrument is admitted." Defendants did not so deny any signature and their general denial had the legal effect of admitting their signatures on the note. This also applies to the payee's endorsement of the notes to the bank. See Ferris v. Nichols, 1971, Fla.App., 245 So.2d 660.

■ Defendants' counsel admitted of record at the hearing that the only issue was whether plaintiff bank was a holder in due course of the notes. The most that can be said of affidavits on behalf of defendants, hearsay though they are hereafter found to be, is they claim payee may have had possession of the notes on August 24, 1968. This would not affect the holder in due course status of plaintiff as to the other two notes. The summary judgment as to them was therefore appropriate. While what is written hereafter would also apply to them, there is left for review only the trial court's ruling as to the note due August 15, 1968.

RCP 56 (SDCL 15-6-56) states the procedure for summary judgment. RCP 56(e) provides in part:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * When a motion for summary judgment is made and supported as provided in [§ 15-6-56], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [§ 15-6-56], must set forth specific facts showing that

there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The court has considered this rule in several recent opinions where general guidelines are set out. Wilson v. Great Northern Ry. Co. v. Christopherson, 1968, 83 S.D. 207, 157 N.W.2d 19; Northwestern Public Service Co. v. C. & N. W. Ry. Co. & Ellwein, 1969, 84 S.D. 271, 170 N.W.2d 351; and Bahr v. Bahr, 1970, 85 S.D. 465, 180 N.W.2d 465. In Wilson we wrote of this procedure "Where * * * no genuine issue of fact exists it is looked upon with favor" and "it is granted * *˙ * frequently in actions on notes".

■ The affidavits of both plaintiff's and defendants' counsel did not relate to "specific facts showing that there [was] a genuine issue for trial." Some were statements of law and procedure; those of defendants were hearsay evidence and statements of attempts to procure evidence of a claimed defense. They did not show facts made on their "personal knowledge" which "would be admissible in evidence" or that they were "competent to testify to the matters stated therein". These statements are therefore not to be given any weight. Some affidavits were unsigned.

■ Other than those, defendant Owen Mann's affidavit stated, he had received no consideration for the notes. It did not in any way deny plaintiff had purchased the notes on August 1, 1968, for value or had notice of any infirmity or defense thereto. Nor did the affidavit of defendant, Helen J. Mann, presented to the Judge after the hearing, make such claim. Parenthetically, these affidavits made some claim of untrue representations by the payee in the notes about some debts of or investments in an Old Town Supper Club, but there is no statement in the answer (which is referred to in the affidavits) or in affidavits of any connection with the notes and the named Club. A reply affidavit of plaintiff's bank president states he had no notice of any defect in the notes or denial of obligation thereunder until October 9, 1969, when defendants' attorney wrote the bank he believed there was a possibility defendants had a complete defense to them. Under the described circumstances, defendants did not

show by specific facts there was a genuine issue for trial and the trial court did not err in entering a summary judgment for plaintiff.[2]

In the alternative, defendants asked the court to grant a continuance to permit "discovery proceedings * * * and the depositions to be taken" of plaintiff bank officers and of payee in the hope of discovering facts, that plaintiff was not a holder in due course. The record shows defendants had over four months to prepare their defense. The tools available include Interrogatories —RCP 33, Requests for Admissions—RCP 36, and Depositions— RCP 26, of any party or person for the purpose of discovery or use at the trial.

While the record is somewhat confused, it appears plaintiff bank president was available and it was agreed his testimony be taken at the hearing. He testified and was cross-examined by defendants' counsel. In reviewing the entry of the summary judgment we have considered only the evidence set forth in the affidavits.

Granting of continuances of hearings or trials is within the sound discretion of the trial court. Saastad v. Okeson, 1902, 16 S.D. 377, 92 N.W. 1072; Hyde v. Hyde, 78 S.D. 176, 99 N.W.2d 788. This general rule was applied to a motion for summary judgment in Chung Wing Ping v. Kennedy, 111 U.S.App.D.C. 106, 294 F.2d 735, cert. den. 368 U.S. 938, 82 S.Ct. 380, 7 L.Ed.2d 337. The court in denying a continuance wrote:

> "At the hearing on the motion for summary judg-
> ment and on appellants' motion for a continuance,
> appellants stated that they were unable even to argue
> effectively the motion for summary judgment without
> the information they sought to obtain by discovery. It is
> beyond dispute that a motion for continuance is ad-

2. Acc: Hughes-Johnson Co. v. Dakota Midland Hospital, S.D.1972, 195 N.W.2d 519, where the court also wrote that SDCL 15-6-56(e), supra, required the opposing party to be diligent in resisting the motion for judgment.

dressed to the sound discretion of the court. We note that appellants did nothing to obtain discovery until some ten months after filing their complaint, when the merits of their case was called into question by the summary judgment procedure. Diligent prosecution of a cause of action which is dependent for success upon discovery demands that the plaintiff seek discovery in preparation of his case and not as a backdoor defense to a test of the merits of his claim.

"* * * Yet no effort was made to obtain discovery until the eve of the hearing of the motion for summary judgment."

Rulings of a trial court on such motions will not be reversed on appeal except for abuse of discretion. Saastad v. Okeson and Hyde v. Hyde, both supra.

■ We note an irregularity not raised by counsel, but which is deemed a question of procedure which deserves mention. While copies of the notes were set out in the complaint, the bank president did not have them in his possession when he testified at the hearing nor does the record show they were filed with the clerk of the court when the judgment was entered. In such case, it has been a custom, if not a requirement, in the courts of this state that when a judgment is entered the Judge writes thereon that the notes are merged in a judgment. Failure to introduce a note in evidence or excuse its nonproduction at a trial (Vandergriff v. Vandergriff, 211 Ark. 848, 202 S.W.2d 967), or on entry of a summary judgment (Ferris v. Nichols, 1971, Fla.App., 245 So.2d 660, supra) has been held grounds for reversal of the judgment. See also 11 C.J.S. Bills and Notes § 695, p. 199, and 8 Am.Jur., Bills and Notes, § 1121.

However, as defendant did not raise this question we hesitate to and do not reverse the judgment. If the notation has not been made the trial judge should require plaintiff forthwith to produce the notes, make an appropriate notation thereon and file them. This is important in any action, but more so here as the record shows the judgment may have been satisfied upon execution.

The judgment is affirmed.

HANSON and DOYLE, JJ., concur.

WINANS and WOLLMAN, JJ., dissent.

WOLLMAN, Justice (dissenting).

I would hold that the trial court should have granted defendants' motion for a continuance. SDCL 15-6-56(f).

WINANS, J., concurs in dissent.