20432

NATIONAL EQUIPMENT, LTD., Respondent, v. DAVID JONES
SALES, TRUCKING DIVISION, INC., Jerome David Jones and
Evelyn B. Jones, of which Evelyn B. Jones is, Appellant.

(235 S. E. (2d) 125)

552

*Messrs. Roberts & Alford,* of York, *for Appellant,*

*Stephen K. Haigler, Esq.,* of *Levi, Wittenberg & Abrams,*
Sumter, *for Respondent,*

May 18, 1977.

NESS, Justice:

Evelyn B. Jones, the sole appellant, appeals from a summary judgment awarded against her and others.

Respondent, National Equipment Rental, attendant to a lease made to David Jones Sales, secured a personal Guarantee of Payment as collateral from Jerome David Jones and, allegedly, Evelyn B. Jones. The terms of the Guarantee of Payment provided consensual personal jurisdiction in the Courts of the State of New York in all actions or proceedings arising directly or indirectly from the Guarantee. Respondent now seeks to enforce a New York default judgment rendered against David Jones Sales, Trucking Division, Inc., Jerome David Jones, and Evelyn B. Jones in the amount of $25,903.01. Upon motion, summary judgment was awarded against all three defendants. We affirm.

Summary judgment is provident only where no issue of genuine fact is involved. *Title Insurance Company of Minnesota v. Christian,* 267 S. C. 71, 226 S. E.

(2d) 240 (1976). Respondent supported its motion for summary judgment with the Guarantee, New York judgment, answers to requests for admissions, and the pleadings. Appellant relied on her answer, containing only a general denial and contestment of the jurisdiction of the New York courts, and a letter by her attorney to opposing counsel attempting to raise the defense of forgery.

Section 10.3-307, Code of Laws, 1962, provides in part:

"(1) Unless specifically denied in the pleadings each signature on an instrument is admitted . . .

"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

The Official Comment to this section of the Uniform Commercial Code is particularly enlightening:

"Subsection (1) is new, although similar provisions are found in a number of states. The purpose of the requirement of a *specific denial* in the pleadings is to give the plaintiff notice that he must meet a claim of forgery or lack of authority as to the particular signature, and to afford him an opportunity to investigate and obtain evidence. Where local rules of pleading permit, the denial may be on information and belief, or it may be a denial of knowledge or information sufficient to form a belief. It need not be under oath unless the local statutes or rules require verification. *In the absence of such specific denial the signature stands admitted, and is not in issue.* Nothing in this section is intended, however, to prevent amendment of the pleading a proper case." (Emphasis added.)

The South Carolina Reporter's Comments is likewise persuasive:

"Section 3-307(1) states an obvious procedural rule *requiring a specific denial* in the pleadings of the validity of a signature on an instrument in order to raise the issue of forgery or lack of authority. This is also in accord with the

usual rules concerning burden of proof and its application to negotiable instruments under S. C. Code Section 8-889." (Emphasis added.)

Appellant admits that she neither alleged forgery nor specifically denied her signature on the Guarantee in her Answer. Over two months after the commencement of this action, appellant was requested to admit, pursuant to Circuit Court Rule 89, that she or her authorized representative "did guarantee payment of the aforesaid promissory note, as evidenced by the signature of Evelyn B. Jones on the aforesaid guarantee of payment" which was attached as an exhibit. Respondent also requested a detailed explanation in the event of a denial in respect to all or part of the requested admission. Appellant simply responded with a denial. Two weeks later appellant's attorney, by letter, attempted for the first time to give notice of the contestment of the signature.

A *general denial* will not raise the issue of the genuineness of a signature on an instrument. *Wildfang Miller Motors, Inc. v. Rath,* 198 N. W. (2d) 210 (N. D. 1972). Failing to specifically deny the validity of the signature, appellant is deemed to have admitted the signature is hers. *Farmers & Merchants State Bank v. Mann,* 203 N. W. (2d) 173 (S. D. 1973); *Bentz v. Mullins,* 24 Ohio App. (2d) 137, 265 N. E. (2d) 317 (1970).

Appellant asserts forgery was not required to be affirmatively pled as she was contesting the jurisdiction of the New York courts and not the underlying instrument. We do not agree. The basis for jurisdiction in the New York courts arose independently out of the express consent in the Guarantee and is therefore entirely dependent on the validity of the instrument.

Appellant has made no attempt to amend her pleading to deny her notarized signature. Appellant's Answer raises no question as to the genuineness of her signature which was the sole foundation for jurisdiction of the New York judg-

ment. Production of the Guarantee and the absence of any assertable defense to the validity of the Guarantee established no material fact as to the jurisdiction to grant the default judgment and entitled the respondent to judgment as a matter of law. *Conran v. Yager,* 263 S. C. 417, 211 S. E. (2d) 228 (1975).

In light of the resolution of the above issues we need not consider the respondent's exceptions regarding the settling of the transcript of record nor the remaining exceptions.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.